### LEPPARD v. JORDAN'S TRUCK LINE et al.

#### Civ. A. No. 3362.

United States District Court
W. D. North Carolina,
Charlotte Division.

June 21, 1953.

against Jordan's Truck Line, a corporation, and a resident of the State of South Carolina, The Travelers Insurance Company and The Travelers Indemnity Company, both residents of some State of the United States of America.

The case was then removed to the District Court of the United States for the Eastern District of South Carolina, upon the theory of "separable controversy" as between the defendant, Jordan's Truck Line, and the two out of state defendants, coupled with a motion on behalf of The Travelers Insurance Company and The Travelers Indemnity Company, for a change of venue to the Western District of North Carolina, Charlotte Division, under Section 1404(a), Title 28 of U.S.C.A.

The plaintiff then appeared upon his own motion to remand this cause to Darlington County, and resisted the defendants' motion for a change of venue.

The Honorable Ashton H. Williams, Judge of the District Court of the United States for the Eastern District of South Carolina, issued his order on the 5th day of March, 1953, 110 F.Supp. 811, refusing to remand this action, and transferring the same to the District Court of the United States for the Western District of North Carolina, Charlotte Division.

Since the death of the decedent, as well as the alleged collision precipitating said death, occurred in North Carolina, there can be no doubt that the law, statutory, as well as the common law of force in the State of North Carolina, control the legal issues and the status of the parties of this action.

The defendants, The Travelers Insurance Company and The Travelers Indemnity Company, were originally joined as party defendants under Section 8511 of the 1942 South Carolina Code of Laws, providing for the joinder of liability insurance companies in actions against common motor carriers in South Carolina.

Under the North Carolina law, it is impossible to sue the carrier and the

Leppard & Leppard, Chesterfield, S. C., J. P. Mozingo, Darlington, S. C. and Turner Clayton, Chesterfield, S. C., for plaintiff.

Shepard K. Nash, Sumter, S. C., and Hugh B. Campbell, Charlotte, N. C., for defendant.

WARLICK, District Judge.

This action originated in the Court of Common Pleas for the County of Darlington, State of South Carolina,

insurance company in the same cause of action. The North Carolina statute specifically provides that the insurer "shall not be joined in the action against the assured". G.S. § 62–121.61(3).

▇ It therefore follows that the defendants, The Travelers Insurance Company and The Travelers Indemnity Company, could not have been named party defendants, had this action originated in North Carolina. They are, therefore, no longer parties in interest, and as a result there are now but two real parties, the administrator of the deceased's estate, and the defendant, Jordan's Truck Lines, both residents of South Carolina. This Court is, as a result, without jurisdiction.

It is therefore ordered that this action be and the same is hereby dismissed.