ROGER RAINES, ADMINISTRATOR OF THE ESTATE OF BENJAMIN LEON RAINES, DECEASED v. ST. PAUL FIRE & MARINE INSURANCE COMPANY

No. 7012DC325

(Filed 15 July 1970)

Insurance § 91— automobile liability policy — accidental shooting in parked automobile

Accidental shooting of automobile passenger by the driver while the automobile was stopped, the engine was off and one door was open does not come within the terms of an automobile liability policy providing coverage for bodily injury and death "caused by accident and arising out of the ownership, maintenance or use of the automobile," there being no casual connection between the discharge of the driver's pistol and the "ownership, maintenance or use" of the parked automobile.

APPEAL by plaintiff from Herring, District Judge, 16 March 1970 Session of the District Court Division of the General Court of Justice of CUMBERLAND County.

This action was tried by Judge Herring upon the following facts stipulated by the parties, which we shall employ to state the case:

"STATEMENT OF FACTS

On March 31, 1968, Benjamin Leon Raines was negligently shot and killed by Foster Williams, when Foster Williams was playing with a pistol. Suit was subsequently

brought by plaintiff herein and judgment obtained against Foster Williams in the sum of $2500 for the wrongful death of said Benjamin Leon Raines. Execution has been issued and returned unsatisfied. Prior to the accident resulting in Raines' death, Foster Williams, had been driving a car belonging to his father, Connie Williams, with permission. At the time of the accident the car was stopped, engine off and one door open. Foster Williams was sitting in the driver's seat, Raines was sitting in the front seat with one Elizabeth Watson in his lap. Lizzie Mae Smith was on the outside of the car talking to the occupants. Foster was playing with the gun, there was a sudden movement and the gun went off, killing Benjamin Raines.

At the time of the accident there was in force and effect an automobile liability policy issued by the defendant to Connie Williams covering the automobile involved under the provisions of which the defendant agreed 'to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.' The policy provisions included a definition of 'insured' as 'any person using such automobile, provided the actual use thereof is with the permission of the named insured.' Prior to this accident, Foster Williams had been driving said car with the 'permission' of his father and had with such 'permission' driven it to the point where the same was parked and the accident happened. It is stipulated that at the time of the accident, Foster Williams had permission to use the car involved."

The sole question which arises in this case, according to the further stipulation of the parties is:

"QUESTION

It is stipulated that the sole question herein is whether or not under the terms of the policy provisions the death of Benjamin Leon Raines was an accident 'arising out of the . . . use of the automobile' in which he was sitting?"

Based upon these stipulated facts the following judgment was entered: .

"JUDGMENT (Filed March 19, 1970)

### FACTS

As stipulated by the parties, reduced to writing and filed of record.

### CONCLUSIONS OF LAW

1.  That the negligent killing of plaintiff's intestate by the defendant's insured operator of an automobile, with a pistol which said operator — Foster Williams — was playing with, when the automobile, with the owner's permission, was driven to the accident scene by said operator, and was stopped, with the motor off and one door open, while the operator was seated in the driver's seat, and plaintiff's intestate was seated in the right front seat, does not constitute damage sustained, 'caused by an accident and arising out of the . . . use of the automobile', under the terms and provisions of the policy of insurance;

2.  That the plaintiff is not entitled to have and recover any sum of the defendant.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover nothing of the defendant and the costs are taxed against the plaintiff.

This 19th day of March, 1970.

/s/ D. B. HERRING, JR.
Judge Presiding"

Plaintiff appeals, assigning as error the signing of the above judgment.

*Bryant, Jones & Johnson, by James M. Johnson for plaintiff appellant.*

*Anderson, Nimocks & Broadfoot by Henry L. Anderson for defendant appellee.*

CAMPBELL, J.

For the defendant to be obligated to pay the claim of the plaintiff here, the injury of the plaintiff's deceased must have been, as the insurance contract states, ". . . caused by accident

and arising out of the ownership, maintenance or use of the automobile." We hold that the accidental shooting of Benjamin Raines, under the facts of this case, did not arise out of the ownership, maintenance or use of the automobile which is the vehicle insured under the defendant's policy. No casual connection between the discharge of the pistol and the "ownership, maintenance or use" of the parked automobile was shown, and this is required to afford recovery under the policy. See *Mason v. Celina Mutual*, 161 Colo. 442, 423 P. 2d 24 (1967); *National Union Fire Ins. Co. v. Bruecks*, 179 Neb. 642, 139 N.W. 2d 821 (1966). *Whisnant v. Insurance Co.*, 264 N.C. 303, 141 S.E. 2d 502 (1965) and *Williams v. Insurance Co.*, 269 N.C. 235, 152 S.E. 2d 102 (1967) are factually distinguishable and a casual connection was shown.

Judgment was properly entered for the defendant in this case.

Affirmed.

PARKER and VAUGHN, JJ., concur.