RELIANCE INSURANCE COMPANY v. JAMES G. WALKER, KENNETH LEWIS, AND AETNA INSURANCE COMPANY

No. 767SC784

(Filed 20 April 1977)

1. **Appeal and Error § 44.1— failure to file brief — failure to bring exception forward**

    The appeal of one defendant is dismissed for failure of such defendant to file a brief or to bring forward any exception by an assignment of error. Rules 10(a) and 14(d)(2) of the Rules of Appellate Procedure.

2. **Appeal and Error § 7— right to appeal — party not aggrieved**

    A person injured when a gun in an insured's truck discharged was not a real party in interest and entitled to appeal a declaratory judg-

Insurance Co. v. Walker

ment determining whether the insured's automobile liability policy and his homeowner's policy provided coverage for insured's liability for such injury where the injured person has not yet established insured's liability for the injury.

3. **Insurance § 90— automobile liability insurance — discharge of gun inside vehicle — use of vehicle**

An injury to a person standing outside the insured's truck when a rifle on a permanently mounted gun rack inside the truck cab discharged arose out of the use of the truck within the meaning of an automobile liability policy since the transportation of guns was one of the uses to which the truck had been put, and the shooting was a natural and reasonable incident or consequence of the use of the truck and was not the result of something wholly disassociated from, independent of and remote from the truck's normal use.

APPEAL by plaintiff and defendant Walker from *Webb, Judge.* Judgment entered out of session on 7 June 1976 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 9 March 1977.

This is a declaratory judgment action filed by plaintiff Reliance Insurance Company to determine liability for injuries sustained by defendant Walker while on the property of defendant Lewis. At the times herein involved, Lewis was insured by an automobile liability policy issued by plaintiff and by a homeowner's policy issued by Aetna. Plaintiff's policy provided in pertinent part:

"PART I—LIABILITY

*Bodily Injury Liability Coverage; Property Damage Liability Coverage.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;

. . .

arising out of the ownership, maintenance or use of the owned automobile . . .

. . .

*Definitions.* Under Part 1:

. . .

'*use*' of an automobile includes the loading and unloading thereof; . . ."

Aetna's homeowner's policy provided in pertinent part:

*"This policy does not apply:*

1. *Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:*

a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

.  .  .

(2) any motor vehicle . . ."

On 28 October 1974, Lewis went hunting, driving his 1963 Dodge pickup which contained a gun rack permanently mounted inside the rear window of the truck's cab. After finishing his hunting, Lewis placed his loaded rifle in the gun rack, returned home, and parked the truck in his driveway. Walker assisted Lewis in loading trash in the rear of the truck for delivery to a nearby depository. The loaded gun remained in the truck's gun rack because Lewis and Walker intended to go hunting again after disposing of the trash.

After the trash was loaded onto the truck, Walker entered the cab on the passenger side and Lewis placed his three-year-old son on the seat in the driver's side. Walker stepped out of the truck briefly to allow another passenger to get in the cab. Lewis sat down in the driver's seat and, as he began to insert the keys into the ignition, his rifle, still in the gun rack, discharged and injured Walker as he stood beside the cab.

Walker filed an action against Lewis in Nash County Superior Court alleging damages of $150,000. Plaintiff subsequently filed the present action seeking a declaratory judgment as to whether Lewis or Walker is entitled to any coverage or protection under plaintiff's automobile policy and/or Aetna's homeowner's policy. On 7 June 1976, Webb, Judge, entered a judgment out of session which held that plaintiff's policy provided coverage but that Aetna's policy did not. Plaintiff and Walker appeal from that judgment.

*Battle, Winslow, Scott and Wiley, P.A., by J. B. Scott, for plaintiff appellant.*

*Knox and Kornegay, by Howard A. Knox, Jr., for defendant Walker, appellant.*

*Young, Moore, Henderson and Alvis, by R. Michael Strickland, for defendant Aetna Insurance Company, appellee.*

MORRIS, Judge.

### APPEAL OF DEFENDANT KENNETH LEWIS

[1] After this case was docketed in the Court of Appeals but prior to oral arguments, Aetna moved to dismiss the appeal as to defendant Lewis. The record reveals that Lewis, along with plaintiff Reliance and defendant Walker, took exception to the judgment of 7 June and gave notice of appeal in open court. However, Lewis has failed to file a brief or to carry forward his exception by any assignment of error. Rule 10(a) of the North Carolina Rules of Appellate Procedure provides that ". . . the scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments of error in the record on appeal . . . and no exception so set out which is not made the basis of an assignment of error may be considered on appeal. . . ." Rule 14(d)(2) of the Rules of Appellate Procedure provides that "[i]f an appellant fails to file and serve his brief within the time allowed, the appeal may be dismissed on motion of an appellee or on the court's own initiative. . . ." For Lewis' failure to comply with the Rules of Appellate Procedure, Aetna's motion is granted, and Lewis' appeal is dismissed.

### APPEAL OF DEFENDANT JAMES G. WALKER

[2] Defendant Walker has excepted to and assigned as error those portions of Judge Webb's judgment which hold that Aetna's homeowner's policy does not provide coverage for Walker's injuries. Aetna has moved to dismiss Walker's appeal, contending that he is not a real party in interest in the litigation and therefore may not appeal from the judgment. We agree.

G.S. 1A-1, Rule 17(a) of the North Carolina Rules of Civil Procedure provides that "[e]very claim shall be prosecuted in the name of the real party in interest . . . " Although Rule 17 by its terms applies only to parties plaintiff, the rule is applicable to parties defendant as well. 3A Moore's Federal Practice, § 17.07, pp. 226-27. *See also International Brotherhood of Teamsters v. Keystone Freight Lines, Inc.*, 123 F. 2d 326 (10th Cir. 1941); *Leppard v. Jordan's Truck Line*, 116 F. Supp. 130 (W.D.N.C. 1953). A real party in interest is ". . . a party who is benefited or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in

the action involved merely, but *some interest in the subject matter of the litigation.*" *Parnell v. Insurance Co.,* 263 N.C. 445, 448-49, 139 S.E. 2d 723, 726 (1965). (Emphasis supplied.) The real party in interest is the party who by substantive law has the legal right to enforce the claim in question. *White Hall Building Corp. v. Profexray Division of Litton, Industries, Inc.,* 387 F. Supp. 1202 (E.D. Penn. 1974).

Plaintiff, in its prayer for relief, asked the court to adjudge "[w]hether Kenneth Lewis or James G. Walker are (sic) entitled to any coverage or protection" under either the automobile liability or homeowner's policy. The clear purpose of the action is to determine which insurance company, if any, would be liable to indemnify Lewis and not to determine any possible liability to Walker. Since Walker has yet to establish any liability of Lewis for the shooting, this declaratory judgment action involves only Lewis, his automobile liability carrier, and his homeowner's liability carrier. At this point, Walker has no interest in the subject matter of the action nor does he have any substantive legal rights to enforce the court's determination of liability of either carrier. *See Merchants Mutual Casualty Co. v. Leone,* 298 Mass. 96, 9 N.E. 2d 552 (1937). Accordingly, he is not a real party in interest to this suit, and Aetna's motion to dismiss Walker's appeal is granted.

### APPEAL OF PLAINTIFF RELIANCE INSURANCE COMPANY

After receiving the evidence, Judge Webb incorporated into his judgment the following:

"FINDINGS OF FACT:

(1) Kenneth Lewis was on October 28, 1974, the owner of a 1963 Dodge pickup truck.

(2) On that date there was in effect a policy of automobile liability insurance issued by the plaintiff, Reliance Insurance Company, insuring Kenneth Lewis against those liabilities described in the policy; and said automobile liability insurance policy provided in pertinent part as follows:

PART I—LIABILITY

BODILY INJURY LIABILITY COVERAGE; PROPERTY DAMAGE LIABILITY COVERAGE to pay on behalf of the In-

sured all sums which the Insured shall become legally obligated to pay as damages because of:

> A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;
>
> . . .
>
> arising out of the ownership, maintenance or use of the owned automobile. . . .

* * *

DEFINITIONS. Under Part 1:

'USE' of an automobile includes the loading and unloading thereof.

(3) On October 28, 1974, there was in effect a policy of insurance, commonly referred to as a 'homeowners policy,' issued by the defendant Aetna Insurance Company insuring Kenneth Lewis against those liabilities described in and not excluded by the said policy; and said policy provided in pertinent part as follows:

This policy does not apply:

1. Under coverage E—personal liability and coverage F—medical payments to others:

> a. To bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
>
> . . .

(2) Any motor vehicle. . . .

(4) The pickup truck owned by Kenneth Lewis was equipped with a gun rack permanently mounted inside the rear window of the truck cab for the purpose of transporting firearms.

(5) Early in the morning of October 28, 1974, Kenneth Lewis had placed his rifle in the truck gun rack for the purpose of taking it hunting. After hunting for several hours in the morning he replaced the rifle in the gun rack and drove to his home to pick up some trash to take to a nearby depository. James Walker assisted Kenneth Lewis in loading the trash onto the pickup truck. While the trash

was being loaded, Lewis' rifle remained in the gun rack because Lewis and Walker intended to go hunting again after the trash was dumped. Lewis and Walker had hunted together in the past and on such occasions both had transported their rifles in the truck gun rack.

(6) After the trash was loaded onto the pickup truck, James Walker entered the passenger side of the cab and Kenneth Lewis placed his three-year-old son in the driver's side.

(7) James Walker, desiring to ride next to the window, then stepped out of the truck briefly to allow another passenger to enter. Kenneth Lewis then sat down in the driver's seat with his keys in his hand and was in the process of inserting them into the ignition switch when the rifle mounted in the gun rack discharged and injured Walker who was then standing beside the cab and holding the door open for the other passenger to enter."

Although plaintiff excepted to certain findings of fact and entered assignments of error thereon, he failed to argue or cite any authority for these assignments in his brief. These assignments of error are therefore deemed abandoned. North Carolina Rules of Appellate Procedure, Rule 28(b)(3). Moreover, plaintiff concedes that there is evidence in the record to support the findings of fact in the judgment. Plaintiff contends, however, that the findings do not support the conclusions of law. More specifically, plaintiff excepts to the court's conclusion that Walker's injury "arose out of the 'operation and use' " of Lewis' truck on the ground that there was no finding of a causal connection between the discharge of the rifle and the operation or use of the truck.

In *Casualty Co. v. Insurance Co.*, 16 N.C. App. 194, 192 S.E. 2d 113, *cert. den.*, 282 N.C. 425, 192 S.E. 2d 840 (1972), this Court said:

" . . . The words 'arising out of' are not words of narrow and specific limitation but are broad, general, and comprehensive terms effecting broad coverage. They are intended to, and do, afford protection to the insured against liability imposed upon him for all damages caused by acts done in connection with or arising out of such use. There are words of much broader significance than 'caused by'. They are

ordinarily understood to mean 'originating from', 'having its origin in,' 'growing out of,' or 'flowing from,' or in short, 'incident to," or 'having connection with' the use of the automobile. . . .

The parties do not, however, contemplate a general liability insurance contract. There must be a causal connection between the use and the injury. This causal connection may be shown to be an injury which is the natural and reasonable incident or consequence of the use, though not foreseen or expected, but the injury cannot be said to arise out of the use of an automobile if it was directly caused by some independent act or intervening cause wholly disassociated from, independent of, and remote from the use of the automobile. (Citation omitted.)" 16 N.C. App. at 198-99, 192 S.E. 2d at 118.

*See also* 7 Am. Jur. 2d, Automobile Insurance, § 82, p. 387.

[3]   In the present case, insured's truck contained a gun rack which insured installed at the time the truck was purchased. The gun rack was permanently mounted to the truck's cab and had frequently been used by insured to transport rifles on hunting trips. Clearly, the transportation of guns was one of the uses to which the truck had been put. Thus, the shooting was a "natural and reasonable incident or consequence of the use" of the truck and was not the result of something "wholly disassociated from, independent of, and remote from" the truck's normal use.

Moreover, we do not find *Raines v. Insurance Co.*, 9 N.C. App. 27, 175 S.E. 2d 299 (1970), cited by plaintiff, as controlling authority in this case. In *Raines*, plaintiff's intestate was shot and killed while he sat in the front seat of a car belonging to defendant's insured. At the time of the shooting, the car was stopped, the engine was off and one door was open. Foster Williams sat in the driver's seat and was playing with a pistol. There was a sudden movement and the gun discharged, killing Raines. Defendant's policy covering the automobile provided for payment for damages "caused by accident and arising out of the ownership, maintenance or use of the automobile." The sole issue of the case was whether Raines' death was caused by an accident arising out of the use of the automobile in which he sat. The trial judge, sitting without a jury, held that it was not, and this Court affirmed, stating that " . . . [n]o causal

connection between the discharge of the pistol and the 'owner-ship, maintenance or use' of the parked automobile was shown, and this is required to afford recovery under the policy." 9 N.C. App. at 30, 175 S.E. 2d at 301. There was nothing in *Raines* to indicate that the car was or ever had been used for transportation of guns. Although the shooting took place inside the parked car, the accident was not so related to the car as to "arise out of" its use. Thus, the shooting in *Raines,* unlike that in the present case, was the result of a "cause wholly dis-associated" from the use of the vehicle.

We have examined the other authorities cited by plaintiff in its brief and likewise find them to be inappropriate in the case *sub judice.* Suffice it to say that those cases do not involve a permanently mounted fixture in the vehicle found by the trial court to have been installed "for the purpose of transporting firearms."

The better practice would have been to include a specific finding in the judgment as to the existence of a causal connec-tion between the shooting and the use of the truck. However, we have reviewed the judgment's conclusions of law in light of the evidence presented and hold that they have sufficient sup-port. Accordingly, plaintiff's assignments are overruled.

It should be noted that we do not, by this decision, attempt to determine defendant Walker's rights, if any, against Lewis or against Aetna. Nor are we adjudicating Aetna's liability, if any, on the homeowner's policy. Since Walker lacked standing to appeal and Reliance did not attack the judgment's exoneration of Aetna, these issues simply are not before us at the present time.

The judgment is affirmed.

Judges VAUGHN and MARTIN concur.