JAMES E. WALL, Plaintiff v. NATIONWIDE MUTUAL INSURANCE COM-
PANY, Defendant and Third Party Plaintiff v. DELBERT RAY ADAMS,
JERRY MICHAEL MEACHUM, and FIRST OF GEORGIA INSURANCE
COMPANY, Third Party Defendants

No. 8220SC566

(Filed 3 May 1983)

Insurance § 90— discharge of weapon from automobile—not within use provision of
liability policy

> An injury caused by the discharge of a weapon from inside an automobile
> by an occupant thereof does not arise out of such ownership, maintenance or
> use so as to afford coverage under the "ownership, maintenance or use" provi-
> sion of a standard automobile liability insurance policy.

APPEALS by plaintiff and original defendant from *Mills,
Judge.* Plaintiff appeals from a judgment entered 8 January 1982
in Superior Court, ANSON County. Original defendant appeals
from an order entered 18 January 1982 in Superior Court, ANSON
County. Heard in the Court of Appeals 19 April 1983.

*Henry T. Drake for plaintiff.*

*Griffin, Caldwell, Helder & Steelman, P.A., by C. Frank Grif-
fin and Sanford L. Steelman, Jr., for original defendant-third par-
ty plaintiff.*

No brief filed for third party defendants.

WHICHARD, Judge.

I.

The pleadings and discovery documents establish the follow-
ing pertinent facts:

Plaintiff and third party defendant Meachum scuffled and ex-
changed some words while exiting a food store. When this oc-
curred third party defendant Adams was pumping gas into his
sister's car, which he was operating with her permission.

Meachum, who was riding with Adams, got into the car after
exiting the store. Plaintiff had to pass this vehicle en route to his
own. As he did so, Meachum took a gun and shot him, causing in-
jury.

Meachum was inside the car when he fired the gun. The gun belonged to Adams, and prior to the shooting it had been located on the dashboard of the car Adams was operating.

Original defendant Nationwide was the liability insurance carrier on the car owned by Adams' sister and operated by Adams. Its policy undertook to pay all sums which the owner-insured became legally obligated to pay because of bodily injury "arising out of the ownership, maintenance or use of the owned automobile." *See* G.S. 20-279.21(b) (Cum. Supp. 1981).

## II.

Plaintiff obtained a consent judgment against Adams and Meachum, jointly and severally, in the sum of $15,000.00 for the injury sustained in the shooting. He seeks in this action to recover that sum with interest from original defendant on the ground that original defendant is liable under its policy of insurance for the negligent acts of Adams as operator of the insured vehicle.

The trial court granted original defendant's motion for summary judgment, and denied plaintiff's motion therefor. We affirm.

## III.

It has been held in this jurisdiction that there is no causal relationship between the discharge of a weapon from inside an automobile by an occupant thereof and the "ownership, maintenance or use" of that automobile. An injury so caused thus does not arise out of such ownership, maintenance or use so as to afford coverage under the "ownership, maintenance or use" provision of the standard liability policy. *Insurance Co. v. Knight*, 34 N.C. App. 96, 99-100, 237 S.E. 2d 341, 344-45, *disc. rev. denied*, 293 N.C. 589, 239 S.E. 2d 263 (1977); *Raines v. Insurance Co.*, 9 N.C. App. 27, 175 S.E. 2d 299 (1970).

In *Insurance Co. v. Walker*, 33 N.C. App. 15, 234 S.E. 2d 206, *disc. rev. denied*, 293 N.C. 159, 236 S.E. 2d 704 (1977), which plaintiff cites in his brief, the injury in suit was caused by a discharge from a rifle located on a permanently mounted gun rack inside the truck cab. This Court upheld a finding of coverage on the ground that transportation of guns was one of the regular uses to which the truck had been put, and that the injury thus arose out of its use within the meaning of the policy.

Here by contrast, the injury resulted from "something 'wholly disassociated from, independent of, and remote from' the [vehicle's] normal use." *Insurance Co. v. Walker, supra,* 33 N.C. App. at 22, 234 S.E. 2d at 211. The cases are thus distinguishable.

## IV.

Original defendant's answer contained a third party complaint against Adams, Meachum, and First of Georgia Insurance Company, in which original defendant claimed entitlement to indemnity from Adams and Meachum in the event it was found liable under its policy. The complaint alleged that First of Georgia had insured Adams and Meachum, and that it had defended in plaintiff's suit against them without reservation of rights. Original defendant sought contribution from First of Georgia in the event plaintiff should recover from it. The trial court granted summary judgment for First of Georgia, from which original defendant appeals.

Because we have held that the trial court properly found no liability on the part of original defendant, the question presented by its appeal is moot. "An appellate court will not hear and decide a moot question, or one which has become moot." 1 *Strong's North Carolina Index 3d,* Appeal and Error, § 9, p. 215. This appeal must therefore be dismissed.

## V.

### PLAINTIFF'S APPEAL

Affirmed.

### ORIGINAL DEFENDANT'S APPEAL

Dismissed.

Judges WEBB and BRASWELL concur.