PROVIDENCE WASHINGTON INSURANCE COMPANY v. MARIO LOCKLEAR, BY HIS GUARDIAN AD LITEM, C. CHRISTOPHER SMITH; MARVIN LOCKLEAR; AND TARENCE DALE HAMMONDS

No. 9316SC405

(Filed 5 July 1994)

**Insurance § 617 (NCI4th)— object thrown from vehicle— injuries not arising out of use of vehicle—no coverage**

The trial court did not err in determining as a matter of law that the injuries suffered by the defendant when hit by an object intentionally thrown from a moving vehicle did not arise out of the use of vehicle and thus were not covered by an automobile liability policy.

**Am Jur 2d, Automobile Insurance §§ 85 et seq.**

**Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle. 15 ALR4th 10.**

Appeal by defendant from order entered 26 January 1993 by Judge Giles R. Clark in Robeson County Superior Court. Heard in the Court of Appeals 2 February 1994.

Plaintiff brought this action seeking a declaratory judgment that an insurance policy issued by plaintiff did not provide coverage for injuries suffered by defendant Mario Locklear (Locklear) when he was hit by a beer can thrown from a moving vehicle by defendant Tarence Dale Hammonds (Hammonds). Defendants answered and asserted a counter-claim. Following a hearing on 19 January 1993, the trial court entered an order on 26 January 1993, finding that the policy did not cover the injuries because they did not arise out of the use of a vehicle. From this order, defendants appeal.

*Baker & Jones, P.A., by H. Mitchell Baker, III, for defendant-appellants.*

*Teague, Campbell, Dennis & Gorham, by John Wishart Campbell, for plaintiff-appellee.*

McCRODDEN, Judge.

The sole issue on this appeal is whether the trial court erred in determining as a matter of law that the injuries suffered by the minor

defendant Locklear, when hit by an object intentionally thrown from a moving vehicle, did not arise out of the use of a vehicle.

The parties stipulated to the following facts: On 8 April 1990, Hammonds was riding in the front passenger seat of an automobile being driven by Jamie Hunt (Hunt). Hammonds threw a beer can out of the car and struck Locklear, who was riding a bicycle on the shoulder of the highway, severely injuring him.

Hammonds was charged with felonious assault with a deadly weapon inflicting serious injury, in violation of N.C. Gen. Stat. § 14-32(b) (1993), and pleaded guilty to a misdemeanor violation of N.C. Gen. Stat. § 14-33 (1993), assault inflicting serious injury. Subsequently, Locklear and his father brought an action in Robeson County Superior Court against Hammonds. Judge J. Milton Read, Jr. found that Hammonds had injured Locklear by his willful and wanton negligence and entered judgment against Hammonds in the amounts of $48,000.00 for personal injuries to Locklear, $11,922.20 for medical expenses incurred by Locklear's father, and $2,000.00 as punitive damages.

When Locklear was injured, Hunt was using the automobile with the permission of Donna Jane Lester, who had leased it from U-Save Auto Rental d/b/a Crown Pointe Car Rentals. Plaintiff, Providence Washington Insurance Company (Providence), pursuant to a commercial auto liability policy issued to U-Save Auto Rental (the Policy), provided for the car liability coverage up to $25,000.00 per person.

---

The Policy provided coverage for injuries "arising from the ownership, maintenance or use of" the vehicle. This language is in harmony with the Financial Responsibility Act, N.C. Gen. Stat. §§ 20-279.1 to -279.39 (1993), which would control regardless. *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 263, 382 S.E.2d 759, 762, *reh'g denied,* 325 N.C. 437, 384 S.E.2d 546 (1989). Our research has disclosed no other case in which a North Carolina Court has addressed the exact issue of whether injuries resulting from an object thrown from a moving vehicle arise out of the use of the vehicle. Courts of this state, however, have had ample opportunities to explore the limits of the "arising out of" language, and we believe that several are particularly instructive.

The test for determining whether an automobile liability policy provides coverage for injuries due to an accident is not whether the automobile was the proximate cause, but "whether there is a causal connection between the use of the automobile and the accident." *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 539-40, 350 S.E.2d 66, 69 (1986). When we interpret policy provisions extending coverage, we must read them broadly so as to provide coverage whenever possible by reasonable construction. *Id.* at 538, 350 S.E.2d at 68. In this case, however, we do not believe it is reasonable to extend coverage to the assault by Hammonds.

In *State Capital*, our Supreme Court found that injuries resulting when a rifle discharged accidentally while it was being unloaded from a car arose out of the use of the auto. The Court reasoned that since the transportation of firearms is an ordinary and customary use of a motor vehicle and the use of an automobile includes its loading and unloading, the injuries were a "natural and reasonable incident or consequence of the use of that motor vehicle." 318 N.C. at 540, 350 S.E.2d at 70. On the ground that they involved injuries caused by "activities not ordinarily associated with the use of an automobile," *State Capital* distinguished several opinions of this Court in which the discharge of firearms in or about motor vehicles was found not to arise out of the use of the automobiles: *Wall v. Nationwide Mutual Insurance Co.*, 62 N.C. App. 127, 302 S.E.2d 302 (1983); *Insurance Co. v. Knight*, 34 N.C. App. 96, 237 S.E.2d 341, *disc. review denied*, 293 N.C. 589, 239 S.E.2d 363 (1977); and *Raines v. St. Paul Fire & Marine Insurance Co.*, 9 N.C. App. 27, 175 S.E.2d 299 (1970). *State Capital* at 540, 350 S.E.2d at 70. *Wall* was a case in which an occupant of a vehicle intentionally shot the plaintiff as he walked past the vehicle. In *Knight*, the insured, while an occupant of a vehicle, intentionally shot into another automobile, causing injury to an occupant. *Raines* involved the death of an occupant of a vehicle caused when the son of the named insured, while playing with a gun, accidentally discharged it. After careful review of these cases, we conclude that *Wall* and *Knight* control our decision today.

Hammonds assaulted Locklear by throwing a beer can, just as the passengers in *Knight* and *Wall* assaulted the plaintiffs with firearms. In each instance, the automobile was merely the situs of the assault. Throwing an object from a car at someone on the side of the road is no more an activity "ordinarily associated with the use of a automobile," *id.*, than is firing a gun from one car at another. Hammonds' assault upon Locklear was an "independent act disassociated from

the use of an automobile," *id.*, for which the insurance policy did not provide coverage. We, therefore, affirm the trial court's order finding no liability on the part of plaintiff.

Affirmed.

Judges WELLS and JOHN concur.