NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff v. LISA MICHELLE WEBB, KEVIN WEBB, WILLIAM SPROUSE, AND SAMUEL CHAD LEIGH, Defendants

No. COA98-661

(Filed 2 March 1999)

### Insurance— coverage—automobile policy—object thrown from automobile

A declaratory judgment action was remanded for entry of summary judgment favoring the insurer where a soda bottle was intentionally thrown from the insured automobile, striking a bicyclist. The automobile policy did not provide coverage for the injuries suffered by the victim because those injuries did not arise out of the use of the insured vehicle; as in other cited cases, this act resulted from something wholly disassociated from, independent of, and remote from the vehicle's normal use.

Appeal by Plaintiff from judgment entered 9 April 1998 by Judge Janet M. Hyatt in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 January 1999.

*Templeton & Raynor, P.A., by Attorney Marcey R. Selle for the plaintiff.*

*The Roberts Law Firm, P.A., by Attorney Scott W. Roberts for the defendants.*

WYNN, Judge.

The insurance policy at issue covers injuries which arise out of the use of the insured vehicle. Are injuries to a pedestrian caused by a soda bottle intentionally thrown from the insured vehicle covered under that policy? Because we find that the resulting injuries did not arise out of the use of a vehicle, we answer: No.

Just prior to this incident, Samuel Chad Leigh and two other boys rode their mountain bikes along a roadway when they observed an automobile approaching them. Kevin Webb drove the automobile with the consent of its owner, Lisa Michelle Webb, while William Sprouse rode in the back seat.

As Kevin Webb drove the automobile pass the boys, he leaned forward in his seat allowing Sprouse the opportunity to intentionally throw a soda bottle at the boys. The bottle struck Leigh in the eye.

NATIONWIDE MUT. INS. CO. v. WEBB

[132 N.C. App. 524 (1999)]

Leigh brought an action for his injuries against Kevin Webb, Sprouse, and Lisa Webb. Nationwide Mutual Insurance Company, the insurer of the automobile, provided a defense for the defendants under a reservation of rights. The trial resulted in a verdict favoring Leigh in the amount of $37,000.00.

Thereafter, Nationwide brought this action seeking a declaration that it was not obligated to provide coverage for Leigh's injuries. The trial court resolved that action by granting summary judgment in favor of Leigh and thereby finding that the Nationwide policy provided coverage for his injuries. Afterwards, Nationwide appealed to this Court contending that since Leigh's injuries did not arise out of the use of an automobile, it was not obligated to provide coverage for his injuries. We agree.

The automobile policy at issue in this case provides: "We will pay damages for bodily injury or property damage for which any insured becomes responsible because of an auto accident." However, "[i]t is well established in North Carolina that as a matter of law the provisions of the Financial Responsibility Act [N.C. Gen. Stat. §§ 20-279.1-279.39 (1993)] are written into every automobile liability policy." *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538-39, 350 S.E.2d 66, 69 (1986); *See Sutton v. Aetna Cas. & Sur. Co.*, 325 N.C. 259, 263, 382 S.E.2d 759, 762, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989). Under N.C. Gen. Stat. § 20-279.21(b)(2), an owner's policy of liability insurance "[s]hall insure . . . persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership maintenance or use of such motor vehicle . . . ." Thus, we construe the automobile policy in this case to provide coverage for damages "arising out of the ownership maintenance or use of such motor vehicle."

Furthermore, "the test for determining whether an automobile liability policy provides coverage for an accident is not whether the automobile was the proximate cause of the accident." *State Capital Ins. Co.*, 318 N.C. at 539-40, 350 S.E.2d at 69. "Instead, the test is whether there is a casual connection between the use of the automobile and the accident." *Id.* Therefore, in the present case, we must determine whether there is a casual connection between the use of the automobile and Leigh's injury.

In *Providence Washington Ins. Co. v. Locklear*, 115 N.C. App. 490, 445 S.E.2d 418 (1994), this Court addressed the issue of whether

injuries resulting from an object being deliberately thrown from a moving vehicle was causally connected to the use of the vehicle. In that case, a bicyclist was hit by a beer can that was intentionally thrown from a moving vehicle. We found no causal connection between the bicyclist's injuries and the use of the automobile because the automobile was merely the situs of the assault. *Id.* Thus, we held that the automobile insurance policy in that case did not provide coverage for the bicyclist's injuries. *Id.*

Our decision in *Providence* relied on two prior decisions of this Court, *Wall v. Nationwide Mut. Ins. Co.*, 62 N.C. App. 127, 302 S.E.2d 302 (1983) and *Nationwide Mut. Ins. Co. v. Knight*, 34 N.C. App. 96, 237 S.E.2d 341, *disc. review denied*, 293 N.C. 589, 239 S.E.2d 363 (1977)—both involving an intentional shooting of a third person by an occupant of a moving vehicle. We held in those cases that the discharge of the firearms did not arise out of the use of automobiles.

After *Wall* and *Knight*, our Supreme Court in *State Capitol*, *supra*, 318 N.C. at 534, 350 S.E.2d at 66, held that an automobile policy covered injuries suffered by a third person when a rifle accidentally discharged while being removed by the insured from a motor vehicle. The Court in *State Capitol* held:

> The transportation of firearms is an ordinary and customary use of a motor vehicle, especially pickup trucks. In addition, use of an automobile includes its loading and unloading.

Significant to this case, the Court in *State Capitol* distinguished its holding from *Wall* and *Knight* "on the ground that [those] . . . cases deal[t] with injuries caused by activities not ordinarily associated with the use of automobiles." *Id.* at 540, 350 S.E.2d at 69.

The case *sub judice*, like *Providence*, involves an object being intentionally thrown from a moving vehicle. However, Leigh contends that this case is distinguishable from *Providence* because here there are additional facts showing that: (1) the speed of the car was instrumental in causing the injuries, and (2) the driver actively participated in the act of throwing the bottle. We find the presence of these facts insignificant to the outcome of this case because the act committed— throwing a soda bottle from the automobile—was of the same intentional nature as the acts found in *Providence*, *Wall*, and *Knight*. In essence, the act here as in those cases resulted from "something 'wholly disassociated from, independent of, and remote from 'the

[vehicle's] normal use." *Wall*, 62 N.C. App. 127, 129, 302 S.E.2d 302, 303 (quoting *Reliance Ins. Co. v. Walker*, 33 N.C. App. 15, 22, 234 S.E.2d 206, 211, disc. rev. denied, 293 N.C. 159, 236 S.E.2d 704 (1977)). It follows that the Nationwide automobile policy did not provide coverage for the injuries suffered by Leigh because such injuries did not arise out of the use of the insured vehicle. Accordingly, we remand this action to the trial court for entry of summary judgment favoring Nationwide.

Reversed and remanded.

Judges HORTON and EDMUNDS concur.