**INTEGON NAT'L INS. CO. v. WARD**

[184 N.C. App. 532 (2007)]

INTEGON NATIONAL INSURANCE COMPANY, Plaintiff v. BRANDON LEE WARD, by and through his Guardian Ad Litem, FRANKIE J. PERRY; BRAGG AUTO & MUFFLER, INC. d/b/a BRAGG AUTO and MUFFLER SHOP; GEORGE REDIN SMITH; and THOMAS DWAYNE TAYLOR, Defendants

No. COA06-1200

(Filed 3 July 2007)

**Insurance— automobile—repair shop—injury to child—coverage under customer's liability policy**

A minor child's injuries at an automobile repair shop when an employee of the shop backed a vehicle into the child as the child and a customer were walking to the office while waiting for the customer's automobile to be repaired arose out of the ownership, maintenance or use of the customer's automobile so that the customer's automobile liability policy provided coverage for the customer's alleged liability for the child's injuries.

Judge Steelman concurring.

Appeal by plaintiff from a judgment entered 25 May 2006 by Judge Richard W. Stone in Forsyth County Superior Court. Heard in the Court of Appeals 29 March 2007.

*Bennett & Guthrie, P.L.L.C., by Rodney A. Guthrie, Joshua H. Bennett, and Jason P. Burton, for plaintiff-appellant.*

*Pulley, Watson, King & Lischer, P.A., by Guy W. Crabtree, for defendant-appellees Brandon Lee Ward and Frankie J. Perry.*

BRYANT, Judge.

Integon National Insurance Company (plaintiff) appeals from an order entered 25 May 2006 granting summary judgment in favor of Brandon Lee Ward (Ward) and denying, in part, plaintiff's Motion for Summary Judgment. We affirm the order of the trial court.

*Facts and Procedural History*

In February 2002, Thomas Dwayne Taylor obtained a personal automobile liability insurance policy with Integon National Insurance Company for the policy period beginning 9 February 2002, and ending 9 August 2002. On 9 March 2002, Taylor, accompanied by Brandon Lee Ward, drove in Taylor's insured vehicle to the Bragg Auto and Muffler Shop in Spring Lake, North Carolina, to have some exhaust

work done on Taylor's insured vehicle. Ward was two years old at the time. While they were waiting for the repair work to be completed on Taylor's car, Taylor and Ward walked around the premises of Bragg Auto.

As Taylor and Ward were walking back to the office, George Redin Smith, backed another vehicle out one of the maintenance bays and struck Ward, causing Ward bodily injuries. At the time of the accident, Smith was an employee of Bragg Auto and operated the automobile in the course and scope of his employment with Bragg Auto and with the knowledge and consent of Bragg Auto. The automobile driven by Smith at the time of the accident was not owned by Taylor and was not listed on his policy.

On 4 March 2005, Ward, by and through his *Guardian ad Litem* Frankie J. Perry, filed a lawsuit in Durham County Superior Court against Bragg Auto & Muffler, Inc. d/b/a Bragg Auto and Muffler Shop, George Redin Smith, and Thomas Dwayne Taylor. In that suit, Ward seeks to recover damages he allegedly sustained in the March 9 March 2002 accident, which he claims was caused by the negligence of Bragg Auto, Smith, and Taylor. On 11 August 2005, plaintiff filed a Complaint for Declaratory Judgment seeking a determination of coverage for Taylor, its insured, under his personal automobile liability insurance policy. On 1 May 2006, plaintiff filed a Motion for Summary Judgment. Ward similarly filed a Motion for Summary Judgment on 8 May 2006. By Order entered 25 May 2006, the trial court granted Ward's Motion for Summary Judgment and denied plaintiff's Motion for Summary Judgment, in part. The trial court held that the automobile insurance policy issued to Taylor by plaintiff does not provide medical payments coverage for Ward; however the policy does provide liability coverage to Taylor for the claims raised by Ward against Taylor in the suit currently pending in Durham County. Plaintiff appeals.

Plaintiff raises the issue of whether the trial court erred in denying, in part, its motion for summary judgment. Under Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "The burden is upon the moving party to show that no genuine issue of material fact exists and that the mov-

ing party is entitled to judgment as a matter of law." *McGuire v. Draughon,* 170 N.C. App. 422, 424, 612 S.E.2d 428, 430 (2005) (citing *Lowe v. Bradford,* 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982)). On appeal, this Court reviews an order granting summary judgment *de novo. McCutchen v. McCutchen,* 360 N.C. 280, 285, 624 S.E.2d 620, 625 (2006).

Plaintiff argues the trial court erred in denying its motion for summary judgment because there is no liability coverage under the terms and conditions of Taylor's insurance policy for the claims raised by Ward against Taylor. Plaintiff contends the accident in which Ward was injured did not arise out of the ownership, maintenance or use of Taylor's vehicle insured with plaintiff. We disagree.

"[I]t is well established in North Carolina that as a matter of law the provisions of the Financial Responsibility Act are written into every automobile liability policy." *Nationwide Mut. Ins. Co. v. Webb,* 132 N.C. App. 524, 525, 512 S.E.2d 764, 765 (citing *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.,* 318 N.C. 534, 538-39, 350 S.E.2d 66, 69 (1986)), *disc. review denied,* 350 N.C. 834, 538 S.E.2d 198 (1999). Pursuant to the Financial Responsibility Act, an owner's policy of liability insurance, "[s]hall insure the person named therein . . . against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle[.]" N.C. Gen. Stat. § 20-279.21(b)(2) (2005).

Our Supreme Court has further held that "provisions of insurance policies and compulsory insurance statutes which extend coverage must be construed liberally so as to provide coverage, whenever possible by reasonable construction." *State Capital Ins. Co.,* 318 N.C. at 538, 350 S.E.2d at 68. The Court held:

The words 'arising out of' are not words of narrow and specific limitation but are broad, general, and comprehensive terms affecting broad coverage. They are intended to, and do, afford protection to the insured against liability imposed upon him for all damages caused by acts done in connection with or arising out of such use. They are words of much broader significance than 'caused by.' They are ordinarily understood to mean . . . 'incident to,' or 'having connection with' the use of the automobile[.]

*Id.* at 539, 350 S.E.2d at 69 (quoting *Fidelity & Cas. Co. of N.Y. v. N.C. Farm Bureau Mut. Ins. Co.,* 16 N.C. App. 194, 198, 192 S.E.2d 113, 118, *cert. denied,* 282 N.C. 425, 192 S.E.2d 840 (1972)). "[T]he test

INTEGON NAT'L INS. CO. v. WARD

[184 N.C. App. 532 (2007)]

for determining whether an automobile liability policy provides coverage for an accident is not whether the automobile was a proximate cause of the accident. Instead, the test is whether there is a causal connection between the use of the automobile and the accident." *Id.* at 539-40, 350 S.E.2d at 69.

Here, Taylor drove his insured vehicle to Bragg Auto for some maintenance work. Ward accompanied Taylor and they were both walking around the repair shop while waiting for the repairs to be completed. While walking back to the office of the repair shop, Ward was struck by a vehicle backing out of a repair bay and driven by an employee of Bragg Auto. While the use of Taylor's vehicle cannot be said to have been the direct cause of Ward's injuries, a sufficient causal connection between the use and the injuries does exist. *See Nationwide Mut. Ins. Co. v. Davis*, 118 N.C. App. 494, 497-98, 455 S.E.2d 892, 894-95, (holding an automobile liability insurance policy covered damages arising out of the "use" of a vehicle where the insured driver parked across the street from a store, and a six-year-old child who was a passenger in the insured vehicle was subsequently stuck by another vehicle while attempting to cross the road), *disc. review denied*, 341 N.C. 420, 461 S.E.2d 759 (1995). Thus, Taylor's automobile liability insurance policy with plaintiff does provide liability coverage for the claims raised by Ward against Taylor in the lawsuit currently pending in Durham County.

Affirmed.

Judge LEVINSON concurs.

Judge STEELMAN concurs in a separate opinion.

STEELMAN, Judge, concurring in separate opinion.

I concur in the majority opinion, but write separately to emphasize that our holding that Integon's policy provides coverage in no way should be construed to imply that Taylor was negligent in causing the injuries to the plaintiff.