STATE CAPITAL INSURANCE COMPANY, APPELLEE v. NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLEE, AND HOWARD E. ANDERSON AND PAULA C. ANDERSON, AND MILTON LOUIS McKINNON, APPELLANTS

No. 8510SC239

(Filed 31 December 1985)

1. Insurance § 68.4— deer hunter—shooting—injury during use of vehicle—coverage under automobile liability policy

Defendant Nationwide's automobile liability policy provided coverage for injuries sustained by one defendant who was shot by the other defendant as he reached into his truck to get a gun for the purpose of shooting a deer, since G.S. 20-279.21(b)(2), incorporated as a matter of law into Nationwide's policy,

provided for coverage for damages sustained in the use of a motor vehicle; such use need not be the proximate cause of the injury, but coverage will be extended if there is a reasonable causal connection between the use and the injury; defendant frequently used the truck for hunting, the transportation of firearms being an integral part of that activity; and at the time of the accident, defendant was reaching into the cab for the rifle in order to shoot deer and was therefore actually engaged in a use of the truck.

**2. Insurance § 143— hunting accident—coverage under homeowner's liability policy**

One defendant's injuries sustained in a hunting accident were not excluded from coverage under the other defendant's homeowner's liability policy on the ground that they arose out of the use of a motor vehicle, since the exclusion would apply only if the relationship between the injury and the use was one of proximate cause, but neither the use of the truck for hunting and the transportation of firearms nor the mere fact that at the time of the injury insured was removing his rifle from the cab was the proximate cause of the gun's discharge.

APPEAL by defendants Howard E. Anderson and Paula C. Anderson from *Barnette, Judge.* Judgment entered 19 December 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 15 October 1985.

Plaintiff, State Capital Insurance Company (hereinafter "State Capital"), brought this declaratory judgment action seeking a determination of its rights and liabilities, and those of defendant Nationwide Mutual Insurance Company (hereinafter "Nationwide"), with respect to injuries sustained by defendant McKinnon when he was accidentally shot by defendant Howard Anderson. At all times pertinent to this action, defendants Anderson were insured by a homeowner's insurance policy issued by State Capital, which included coverage for personal liability; Howard Anderson was also insured by an automobile liability policy issued by Nationwide.

All parties waived a jury trial and stipulated that the evidence would consist of deposition testimony of defendants Howard Anderson and McKinnon and a witness to the accident, Dale North. In addition, the policies issued by State Capital and Nationwide were stipulated into evidence. The trial judge made findings of fact which generally disclose the following events: On 13 November 1982 Howard Anderson and Milton McKinnon were deer hunting at a hunting club in Warren County. Anderson was driving his 1975 Chevrolet truck; McKinnon was riding with him.

The truck was routinely used for hunting and had a gun rack fastened to the back of the cab; Anderson had placed two guns in the gun rack and had placed a Winchester 30-30 rifle on a quilt in the storage space behind the truck's seat, as was his practice when the gun rack was full. Anderson stopped his truck, got out, and walked over to another truck to talk with some other hunting companions. While he was talking, Anderson spotted a deer and ran to his truck and reached behind the seat to get his Winchester rifle. By that time, McKinnon had also gotten out of the truck and was standing near the back of the truck. As Anderson touched the stock of his rifle in order to pull it out of the truck, it discharged. The bullet passed through the rear wall of the truck and struck McKinnon in the right thigh.

State Capital's policy contained the following provision:

SECTION II—EXCLUSIONS

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

. . . .

e. arising out of the ownership, maintenance, use, loading or unloading of:

. . . .

(2) a motor vehicle owned or operated by, or rented or loaned to any insured; . . . .

Nationwide's automobile liability policy provided, in pertinent part:

Part B

LIABILITY COVERAGE

INSURING AGREEMENT

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.

. . . .

FINANCIAL RESPONSIBILITY REQUIRED

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

Having found the facts recited above, the trial court concluded that McKinnon's injury "arose out of the use, loading and unloading of the pickup truck within the terms of the exclusion" contained in State Capital's homeowner's policy and, therefore, that State Capital did not provide coverage. The court further concluded that McKinnon's injury "did not arise out of an automobile accident within the insuring language of Part B of the automobile liability policy" issued by Nationwide and, therefore, that Nationwide did not provide coverage. From the entry of judgment declaring that neither insurance carrier provided coverage, defendants Anderson appealed.

*Young, Moore, Henderson & Alvis, P.A., by R. Michael Strickland and A. Bradley Shingleton for plaintiff appellee State Capital Insurance Company.*

*Moore, Ragsdale, Ray & Foley, P.A., by Peter M. Foley and Arthur W. O'Connor, Jr. for defendant appellee Nationwide Mutual Insurance Company.*

*Manning, Fulton & Skinner, by Emmett Boney Haywood and Charles E. Nichols, Jr. for defendant appellants Howard E. Anderson and Paula C. Anderson.*

MARTIN, Judge.

Although appellants except to several of the court's findings of fact, we have reviewed the deposition testimony and are of the opinion that all of the court's findings of fact are supported by competent evidence. The findings of fact are therefore binding upon us. *Williams v. Pilot Life Ins. Co.*, 338 N.C. 38, 218 S.E. 2d 368 (1975). Conclusions of law drawn by the court from the facts found, however, involve legal questions and are always reviewable *de novo* on appeal. *Davison v. Duke University*, 282 N.C. 676, 194 S.E. 2d 761 (1973). Thus, our consideration will be limited to the question of whether the trial court erred in its conclusions that neither the State Capital homeowner's policy nor the Nationwide automobile liability policy provided coverage to Howard An-

derson for his accidental shooting of McKinnon. For the reasons which follow, we hold that coverage is provided by both policies. Accordingly, we reverse the judgment of the trial court.

### THE NATIONWIDE AUTOMOBILE LIABILITY POLICY

[1]   Nationwide's policy insured Howard Anderson against liability "because of an auto accident." In holding that no coverage was provided by the Nationwide policy, the trial court concluded that McKinnon's injury "did not arise out of an automobile accident within the insuring language" of the policy. The trial court went on to say that "[i]f the insuring language of said policy extended coverage to damages *arising out of the use* of an automobile, coverage for the accident . . . would exist." (emphasis added).

In fact, Nationwide's policy does extend coverage to liability for damages arising out of the use of Anderson's vehicle. G.S. 20-279.21(b)(2) requires that every motor vehicle liability policy, certified as proof of financial responsibility, "[s]hall insure the person named therein . . . against loss . . . for damages *arising out of the ownership, maintenance or use* of such motor vehicle. . . .*" (Emphasis added.) It is well established that the coverage required by the statute is, as a matter of law, made a part of every motor vehicle liability policy issued in this state. *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 238 S.E. 2d 597 (1977). When the insuring language of the policy conflicts with the coverage mandated by the statute, the provisions of the statute will control. *Id.* The question presented with respect to Nationwide's policy, then, is whether McKinnon's injury arose out of the use of Anderson's truck.

The provisions of a compulsory motor vehicle liability insurance statute are liberally construed. *Moore v. Hartford Fire Ins. Co. Group*, 270 N.C. 532, 155 S.E. 2d 128 (1967). The words "arising out of the use" of a vehicle have been construed to provide broad coverage.

> The words "arising out of" are not words of narrow and specific limitation but are broad, general, and comprehensive terms effecting broad coverage. They are intended to, and do, afford protection to the insured against liability imposed upon him for all damages caused by *acts done in connection with or arising out of such use. They are words of much*

*broader significance than "caused by."* They are ordinarily understood to mean . . . "incident to," or "having connection with" the use of the automobile. . . . (Citations omitted.)

The parties do not, however, contemplate a general liability insurance contract. There must be *a causal connection* between the use and the injury. This causal connection may be shown to be an injury *which is the natural and reasonable incident or consequence of the use,* though not foreseen or expected, but the injury *cannot* be said to arise out of the use of an automobile if it was *directly caused by some independent act or intervening cause wholly disassociated from, independent of, and remote from the use of the automobile.* (Citation omitted.)

*Fidelity & Casualty Co. of N.Y. v. North Carolina Farm Bureau Mut. Ins. Co.,* 16 N.C. App. 194, 198-99, 192 S.E. 2d 113, 118, *cert. denied,* 282 N.C. 425, 192 S.E. 2d 840 (1972) (emphasis added). In summary, for purposes of determination of whether an injury is covered by policy or statutory language extending coverage to loss "arising out of the use" of a motor vehicle, the use need not be the *proximate cause* of the injury in the narrow legal sense. Coverage will be extended if there is a reasonable *causal connection* between the use and the injury. On the other hand, where the cause of the injury is distinctly independent of the use of the vehicle, no causal connection can be said to exist, and coverage will not be afforded.

This court has previously had occasion to consider whether or not injuries sustained as a result of the discharge of a firearm in or about a motor vehicle arose out of the use of the motor vehicle. Our decisions have depended, in large measure, upon the circumstances under which the shooting occurred. In *Raines v. St. Paul Fire & Marine Ins. Co.,* 9 N.C. App. 27, 175 S.E. 2d 299 (1970), the son of the named insured was sitting in the driver's seat of a parked automobile playing with a gun. The gun discharged, killing another occupant of the automobile. Our court held, under those circumstances, that no causal connection was shown to exist between the use of the automobile and the discharge of the firearm. Therefore, no coverage was afforded under the automobile liability policy. In *Nationwide Mut. Ins. Co. v. Knight,* 34 N.C. App. 96, 237 S.E. 2d 341, *disc. rev. denied,* 293

N.C. 589, 239 S.E. 2d 263 (1977), an occupant of one automobile intentionally shot into another automobile during the course of a high speed chase resulting from a custody dispute. The minor child, who was an occupant of the second vehicle, was struck by the projectile. Our court concluded that there was no causal connection between the intentional shooting and the use of the automobile. Likewise, in *Wall v. Nationwide Mut. Ins. Co.*, 62 N.C. App. 127, 302 S.E. 2d 302 (1983), our Court found no causal relationship between the use of the insured automobile and the intentional shooting of the plaintiff by an occupant thereof. Plaintiff's injury was held to have resulted from a cause not associated with the normal use of the automobile.

A different result was reached, however, in *Reliance Ins. Co. v. Walker*, 33 N.C. App. 15, 234 S.E. 2d 206, *disc. rev. denied*, 293 N.C. 159, 236 S.E. 2d 704 (1977). In *Walker*, the insured, Lewis, owned a truck which he frequently used for hunting trips and the transportation of firearms for hunting. On the date of the accident, Lewis had returned from hunting and had left his hunting rifle mounted in a gun rack which was permanently attached to the cab of the truck. Walker was helping Lewis transport some trash to a nearby depository, after which the two of them planned to go hunting again. As Lewis got into the truck and placed the key in the ignition, the rifle discharged and injured Walker, who was standing outside the truck. Because the transportation of guns was one of the uses to which the truck had been put, the Court reasoned that the accidental discharge of the rifle was a natural and reasonable consequence of, and therefore causally connected to the truck's use. Therefore, coverage was provided by the automobile liability policy.

We believe that the holding in *Walker* controls the question of Nationwide's coverage in the case *sub judice*. Anderson frequently used the insured truck for hunting; the transportation of firearms was an integral part of that activity. At the time of the accident, Anderson was reaching into the cab for the rifle in order to shoot a deer. In doing so, he was actually engaged in a use of the truck. Thus, the truck was more than a mere situs of the shooting, as contended by Nationwide. The shooting was "incident to" the use of the truck and not due to "some independent act . . . wholly disassociated from" its use. The requisite causal connection between McKinnon's injury and the use of the truck

being present, we hold that the injury arose out of the use of the truck so as to be within the coverage provided by the automobile liability insurance policy.

## THE STATE CAPITAL HOMEOWNER'S LIABILITY POLICY

The personal liability and medical payments coverages of the State Capital homeowner's policy insured Anderson against liability for damages for bodily injury, but excluded coverage for bodily injury "arising out of the ownership, maintenance, use, loading or unloading" of a motor vehicle. The trial court concluded that "since the accident *occurred* while defendant Anderson was unloading the firearm from the pickup truck and arose out of the regular use of the truck" McKinnon's injury was not covered.

At first glance, it might appear that since McKinnon's injury was causally connected to the use of the truck, so as to be within the coverage of the automobile liability policy, it must follow that the injury is not within the coverage of the homeowner's policy because of the exclusion of injuries "arising out of the use" of the vehicle. Such a conclusion, however, would ignore established rules of construction applicable to insurance policies and compulsory insurance statutes. The two policies are not construed in light of each other: each policy is a separate contract of insurance between the company issuing it and the insured, and requires separate and independent analysis in light of that relationship. *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 152 S.E. 2d 436 (1967). In construing Nationwide's Automobile Policy, we were obliged to follow the rule requiring provisions of insurance policies and compulsory insurance statutes which *extend coverage* to be liberally construed in favor of the insured to provide coverage wherever, by reasonable construction, it can be. See *Moore v. Hartford Fire Ins. Co.*, 270 N.C. 532, 155 S.E. 2d 128 (1967); *Jamestown Mut. Ins. Co. v. Nationwide Mut. Ins. Co.*, 266 N.C. 430, 146 S.E. 2d 410 (1966). On the other hand, clauses which provide for an exception to, or *exclusion from*, the coverage provided by the policy are not favored and any ambiguity in the terms will be construed strictly against the insurer. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970). These rules must guide us in our consideration of the exclusionary clause of State Capital's policy.

[2] Applying the applicable rule to the terms "arising out of the use" of a vehicle as contained in our compulsory automobile liability insurance statute, we concluded that an injury arose out of the use of a vehicle if it was *causally connected* to such use. However, the term "arising out of" is susceptible to more than one meaning and, therefore, when used in an insurance contract, is subject to construction by the courts. When the term "arising out of" is employed to exclude an event from coverage under a homeowner's liability policy, the "causal connection" definition is inapplicable; in order to bring the event within the exclusionary provision of the policy it is required that the relationship between the injury and the use be one of *proximate cause*, rather than merely causally connected. *Travelers Ins. Co. v. Aetna Casualty and Surety Co.*, 491 S.W. 2d 363 (Tenn. 1973). *See generally* Annot., 6 A.L.R. 4th 555 (1981 & Supp. 1985).

It is clear from the facts found by the trial court that although McKinnon's injury was causally connected to the use of the truck, neither (1) the use of the truck for hunting and the transportation of firearms nor (2) the mere fact that at the time of the injury Anderson was removing the rifle from the cab was the *proximate cause* of the gun's discharge. Although the trial court made no findings as to negligence or proximate causation, it is obvious that if McKinnon's injury was proximately caused by Anderson's negligence, such negligence consisted, at least in part, of the manner in which Anderson handled the rifle. As such, it falls within the coverage provided by the homeowner's policy.

State Capital argues that in *Reliance Ins. Co. v. Walker*, *supra*, this Court held that a homeowner's policy, containing an identical exclusion, did not provide coverage for the accidental shooting. This argument is incorrect. In *Walker*, the Court expressly noted that the issue of coverage under the homeowner's policy was simply not before it.

In summary, we hold that both State Capital and Nationwide provide coverage, up to the policy limits, for Anderson's liability, if any, to McKinnon. Accordingly, the judgment of the trial court is reversed and this case is remanded to the Superior Court of Wake County for entry of judgment in accordance with this opinion.

Reversed and remanded.

Judges ARNOLD and WELLS concur.