James E. **TART**, et al., Áppellants,

v.

**AMERICAN NATIONAL FIRE
INSURANCE COMPANY,**
Appellee.

**No. 89–499.**

District of Columbia Court of Appeals.

Argued April 5, 1990.
Decided July 16, 1990.

---

**1354**

Terrell N. Roberts, III, Lanham, Md., for appellants.

James R. Schraf, Silver Spring, Md., for appellee.

Before FERREN and FARRELL, Associate Judges and MACK, Senior Judge.

PER CURIAM:

Appellants, James E. Tart and Spencer Tart ("the Tarts"), challenge the trial court's declaratory judgment that appellee, American National Fire Insurance Compa-ny ("American National" or "the company"), is under no obligation to defend them in a negligence and wrongful death action brought by Clementine Singleton as Administratrix of the Estate of her husband Frank Singleton ("the decedent"). The court also held that American National has no duty to indemnify the Tarts for damages they must pay as a result of the action. We affirm.

I.

At trial, the parties stipulated to the facts of the underlying civil action. On April 6, 1984, James Tart, a farmer residing in North Carolina, was in the District of Columbia with his wife and son, Spencer, to sell his produce at a local farmer's market. In order to dispose of some garbage, the Tarts placed their trash container in their pickup truck and drove to a dumpster located in front of Savemore Foods, Inc. on Fourth Street, Northeast. As James Tart began dumping the garbage from the container into the dumpster, several store employees, including the decedent, appeared in two vehicles and parked their cars in a manner that left only a narrow space for the truck's passage. Decedent and two other employees approached Spencer Tart, who was seated in the driver's seat of the truck, and questioned him about using the dumpster without permission. They began to argue, and presently decedent "jerked" open the door of the truck, and Spencer Tart stepped out. The two men then engaged in an exchange of blows which resulted in decedent's death.[1]

On February 8, 1985, Clementine Singleton filed a complaint against the Tarts for negligence and wrongful death. On July 5, 1988, the Tarts brought an action for declaratory judgment that American National had a duty to defend them in the civil action, and to pay any judgment arising

---

1. According to the Tarts' "Statement of Material Facts Not in Dispute" in support of their summary judgment motion, as a result of this incident James and Spencer Tart were prosecuted for first and second degree murder, and subject-ed to four jury trials. The first three trials ended in mistrial due to a hung jury. The fourth trial resulted in the acquittal of James Tart, and a hung jury regarding the charges

therefrom.[2] They contended that American National was under this obligation because at the time of the incident their pickup truck was insured under a "Business Auto Policy" issued by the company,[3] and the altercation "arose out of" their use of the truck. This appeal followed the trial court's entry of judgment for American National.

## II.

North Carolina law[4] requires an automobile liability policy to cover the insured against any loss "for damages *arising out of* the ownership, maintenance or use of such motor vehicle." N.C.G.S. § 20–279.21(b)(2) (1983) (emphasis added). The Tarts' American National policy provides that the company will pay "all sums the insured legally must pay as damages because of bodily injury ... to which this insurance applies, caused by an accident and resulting from the ... use of a covered auto."

The Tarts argue that they are entitled to indemnity from American National because their use of the insured pickup truck to dump garbage gave rise to the altercation between Spencer Tart and decedent, and thus the death of decedent "arose out of" their use of the truck for purposes of N.C. G.S. § 20–279.21(b)(2) (1983). In support of this argument, they note that (1) their use of the truck to dump garbage was the cause of the altercation, (2) Spencer Tart was sitting in the truck when decedent approached, (3) the dispute was aggravated when decedent "jerked" open the truck door, and (4) the confrontation began when decedent and his companions parked their cars in a manner impeding the exit of the Tarts' truck. These facts are insufficient

to warrant a requirement that American National indemnify the Tarts.

North Carolina courts have limited the definition of "arose out of" to cases where the vehicle itself is used in such a way to cause injury. *See, e.g., Nationwide Mutual Insurance Co. v. Knight,* 34 N.C.App. 96, 237 S.E.2d 341 (1977). In *Nationwide,* the North Carolina Court of Appeals held that injuries resulting from the impact of an insured vehicle against another vehicle "arose out of" use of the insured vehicle, but injuries resulting from gun shots fired by a passenger of the vehicle did not. *Id.; cf. State Capital Insurance Co. v. Nationwide Mutual Insurance Co.,* 78 N.C.App. 542, 337 S.E.2d 866 (1985) (injury "arose from" use of truck where owner, who regularly used truck to transport firearms, accidentally discharged gun when attempting to remove it from truck's cab). Thus, an injury does not "arise out of" the use of a vehicle for purposes of § 20–279.21(b)(2) in cases such as this where the vehicle is merely the situs of the injury. Although the Tarts' use of the truck may have instigated the confrontation in question, decedent's death was not "the natural and reasonable incident or consequence of the use" of the truck. *State Capital, supra,* 78 N.C.App. at 547, 337 S.E.2d at 868.

The Tarts also contend that American National was required to defend them in the underlying suit. They cite their insurance contract, which provides that the company has the duty to defend any suit "asking for" damages arising out of use of the insured vehicle. The Tarts argue that because the complaint against then alleged that decedent's death arose from their carelessness in the use of their truck, American National was required to defend them. However, an insurer's duty to defend must be based on the *facts* alleged in an underlying lawsuit, not merely on a bald assertion that the accident arose from use of the

---

against Spencer Tart. At that time the prosecutor entered a declaration of *nolle prosequi.*

**2.** Although the underlying civil suit has been settled, the rights and duties of the parties to this action have not changed. *See Woodard v. North Carolina Farm Bureau Mutual Insurance Co.,* 44 N.C.App. 282, 261 S.E.2d 43 (1979), *cert. denied,* 299 N.C. 546, 265 S.E.2d 406 (1980).

**3.** American National issued the Business Auto Policy to James Tart and his wife, Doris Tart.

**4.** North Carolina law governs the interpretation of the insurance policy because the policy was issued in North Carolina, where the Tarts reside, and it was issued to provide coverage mandated by a North Carolina statute. *See Stevens v. American Service Mutual Insurance Co.,* 234 A.2d 305, 309 (D.C.1967).

vehicle. *Waste Management v. Peerless Insurance Co.*, 315 N.C. 688, 690, 340 S.E.2d 374, 377 (1986).[5] Here, the complaint alleged only that the Tarts "were careless, negligent, and reckless, in the use and maintenance of the motor vehicle they were operating and using at the time so as to violate their duty of care." This conclusory statement does not provide any facts which suggest a causal relationship between the Tarts' use of the truck and the death of decedent.

*Affirmed.*

---

**5.** As indicated previously, note 4, *supra*, we apply North Carolina law in this case, and express no opinion on the scope of an insurer's duty to defend under the District of Columbia law.