Readf, J.
 

 In the brief filed by Mr. Morehead for the plaintiff, it is stated that “ the only point in the case is, did the arbitrators make such an award as would be final between the parties, according to the submission ?” And we are referred to
 
 Gibbs
 
 v.
 
 Beery,
 
 14 Ire., 388.
 

 The action is for a trespass on land. The order of reference is “ Referred to the arbitrament and award of, &c.; and their award to be a rule of court.”
 

 The award sets forth that they had run the lines between the plaintiff and defendant, and that there was “ no trespass.” But there is no award as to the disposition which is to be made of the suit, or as to the costs.
 

 The case to which we were cited was an action of trespass also, and was referred to arbitrators: The award set forth the single fact that they had run and established the line between the parties, but it did not. set forth whether there had or had not been a trespass, which was the very ■point in the case, and, of course, it determined nothing. The court said it was the duty of the arbitrators to make such a return as would enable the court to enter judgment. But the award directed nothing to be done by the parties, gave no damages to the plaintiff for the trespass, and did not find whether there was or was not a trespass. The award was not, therefore, final, or certain; not even certain to a common intent. But in our case the question is, whether there was or was not a trespass; and the award is, that there was “ no trespass;” and that disposes, or enables the court to dispose, of the whole case. If the award had been that there was a trespass, then it would have been necessary to find the damages. But the award that there was no tres
 
 *367
 
 pass disposes of the case in favor of the defendant. And the judgment must be for the defendant.
 

 The award does not dispose of the costs; and a question arises as to the costs. The general rule is, that the party, in whose favor the judgment is, recovers his costs. But that is not the rule under awards. Unless the award directs how the costs shall be paid, the rule is, that neither party shall recover costs.
 
 Debrule
 
 v.
 
 Scott,
 
 8 Jon., 73.
 

 Per Curiam. There is error.