MARY AGNES ROGERS v. WESTERN MUTUAL LIFE ASSOCIA-
TION, P. G. VARNUM, Appellant.

Costs: JUDGMENT AGAINST SURETY: CHANGE OF VENUE. The court
1  rendering judgment in the action has jurisdiction to enter
   judgment against a surety on a cost bond, and the surety,
   though a resident of another county is not entitled to a change
   of venue to such county.

Liability of Surety.   JURY TRIAL.   A surety on a cost bond is not
2  entitled to a jury trial to determine his liability.

*Appeal from Chickasaw District Court.*—HON. L. E. FEL-
LOWS, Judge.

FRIDAY, MAY 6, 1904.

JUDGMENT was entered against P. G. Varnum, surety
on cost bond, for costs taxed against plaintiff, from which he
appeals.—*Affirmed.*

*Clark Varnum* for appellant.

*Moses, Rosenthal & Kennedy* and *J. W. Sandusky* for
appellees.

LADD, J.—The plaintiff began her action against the
Western Mutual Life Association February 11, 1899.   As
she was a nonresident, security for costs was required, and
the statutory bond, with P. G. Varnum as surety, was filed.
Upon hearing, her petition was dismissed, and the costs taxed
against her.   An appeal was taken, but afterwards dismissed.
On February 11, 1902, the defendant moved that judgment
for costs be entered against the surety.   Notice was served
on him in Poweshiek county, where he had lived many years,
and he responded by moving that the cause be transferred to
the county of his residence.   The statute provides that "af-
ter final judgment has been rendered in an action, in which
security for costs has been given as above required, the court
may, on motion of the defendant, or any other person having

the right to such costs, or any part thereof, render judgment summarily in the name of the defendant, or his legal representatives, against the sureties for costs, for the amount of the costs adjudged against the plaintiff, or so much thereof as may remain unpaid." Section 3852 of the Code. More apt language to confer jurisdiction on the court entering the judgment in the original action to hear the motion and render judgment on the cost bond could not well have been chosen. Appellant relies on sections of the Code and decisions with respect to the transfer of suits before answer to the county of defendant's residence, but these have no application to a case like this. *Union Bldg. & Sav. Ass'n v. Soderquist,* 115 Iowa, 695. The surety is not a defendant, and it is entirely appropriate that his liability for the costs be adjudicated in the very court where these have been taxed.

II. The surety then demanded a jury. The statute directs a summary hearing, and, in executing the bond in compliance with the law, the surety waived any other mode. Moreover, his undertaking was to pay "the amount of costs adjudged against the plaintiff." What costs shall be taxed is always for the court to determine without the aid of a jury, and its judgment necessarily fixes the extent of the surety's liability. The obligation is not to pay the costs, but those costs taxed against the principal. 1See *McConnel v. Poor,* 113 Iowa, 133. That a surety may so bind himself, and thereby waive a trial by jury, is too manifest to call for the citation of authority. But see *Cavender v. Heirs of Smith,* 5 Iowa, 157; *Wilkins v. Treynor,* 14 Iowa, 391; 2 Brandt on Suretyship, section 615; *Johnson v. Elevator Co.,* 105 Ill. 464; *Clappee v. Thomas,* 5 Mich. 53.

III. Some claim was made in the affidavit for change of venue, and in what counsel was pleased to denominate "motion in resistance," that the association had terminated its corporate existence. No evidence whatever of this was introduced, but, if true, it may have lived on for the purpose of winding up its affairs. See *State v. Fogerty,* 105 Iowa, 32; *Dillon v. Lee,* 110 Iowa, 163.—AFFIRMED.