### M. L. JOHNSON v. W. J. BROTHERS

(Filed 29 October, 1919.)

**Appeal and Error—Motions—Retaxing Costs—Former Judgment—Error in Judgment.**

Where the Superior Court has ordered lands to be sold by its commissioner, and that he, out of the proceeds, pay off a lien thereon, costs, etc., and pay the balance to the plaintiff, from which he gave notice of appeal, which was not perfected, and consequently dismissed in the Supreme Court under Rule 17, and at a subsequent term of the Superior Court the plaintiff moved to retax the costs, which was denied and appeal taken from its refusal: *Held*, the motion, called by the plaintiff one to retax costs, was in fact one to correct an alleged error in the former judgment in not taxing them against the defendant, and the plaintiff is concluded by the former judgment, not having excepted and appealed therefrom, and alleging no errors or mistakes in any particular item of cost.

Civil action, tried before *Bryson, J.,* at May Term, 1919, of ForSYTH.

The plaintiff brought this suit to recover possession of a storehouse, situated on leased premises in the city of Winston-Salem, N. C., together with $1,200 damages for the alleged detention of same by defendant. The case was referred to J. E. Alexander, referee, at the May Term, 1918, to find the facts and the law in the case, and report same back to the court. At the September Term, 1918, the referee duly filed his report, and after finding that defendant had a lien on said premises, he recommended that the property should be sold at public sale, and that the defendant should be paid his lien out of the proceeds thereof, and the excess paid to plaintiff. At the December Term, 1918, of the Superior Court, Judge Lane signed a judgment appointing a commissioner to sell the property, and out of the proceeds to pay the lien of defendant, to pay the costs and expenses of said sale, and the court costs, and pay residue, if any, to the plaintiff. The plaintiff thereupon gave notice of appeal to the Supreme Court, but failed to perfect his appeal, and the case was docketed and dismissed upon motion of the defendant at the Spring Term, 1919, of the Supreme Court, under Rule 17 of that Court. At the March Term, 1919, of the Superior Court, the commissioner filed his report of sale, and the same was confirmed by Judge Bryson at the May Term, 1919, and the moneys ordered disbursed in accordance with the judgment of Judge Lane at December Term, 1918.

Judge Bryson also signed a judgment, at the May Term, 1919, refusing to modify the judgment signed by Judge Lane at December Term, 1918, and to retax the costs, denied the motion of the plaintiff, who requested him to do so, and confirmed the judgment of Judge Lane. Plaintiff appealed to this Court.

*Bennett & Brown for plaintiff.*
*W. T. Wilson for defendant.*

WALKER, J., after stating the facts as above: The motion of the plaintiff, while called on to retax the costs, is really a motion that the court modify its former judgment as to the costs, by charging them against the defendant instead of directing, as the court did in its former judgment, that they be paid out of the fund. It is too late now for such a motion to be entertained, as the plaintiff is concluded by the former judgment. He should have prosecuted his appeal from the judgment at the proper time, and having failed to do so, he will not be allowed to attack the judgment by this collateral proceeding. The original judgment is not void, as the court had jurisdiction of the cause and the parties, nor is it irregular, as it was taken according to the course and practice of the court. It was, at most, erroneous, and the only way to correct it, if there was any error, was by appeal. It was said in *Creed v. Marshall,* 160 N. C., 394: "It is well settled that in any case where a judgment has been actually rendered, or decree signed, but not entered on the record, in consequence of accident or mistake or the neglect of the clerk, the court has power to order that the judgment be entered up *nunc pro tunc,* provided the fact of its rendition is satisfactorily established and no intervening rights are prejudiced. If the written judgment fails to incorporate the true sentence or judgment of the court, through inadvertence and in consequence of clerical errors or omissions, it may be completed by an order *nunc pro tunc,* or may be set aside and the true and correct judgment entered *nunc pro tunc.* But the power to amend the judgment as entered cannot be used for the purpose of correcting errors or omissions of the court. No amendment can be allowed simply for the purpose of entering a judgment which the court failed to render at the proper time, or to change the judgment actually rendered to one which was not rendered. Such procedure cannot be allowed so as to enable the court to review and reverse its action in respect to what it formerly either refused or failed to do. 23 Cyc., 843." The law, in this respect, has very recently been fully reviewed in *Mann v. Mann,* 176 N. C., 353.

The objection here is not to the items of the bill of costs, but it is now asserted that all of the costs were taxed against the wrong party. This is not retaxing costs, so as to correct errors in the amount of the costs, but is an effort to amend the judgment because of its erroneous taxation of any of the costs against the fund or the plaintiff, which cannot be done. There was no excusable neglect.

The motion was properly denied.

No error.