STATE OF NORTH CAROLINA on the Relation of Z. A. MORRIS, JR., Solicitor of the 19th Judicial District of North Carolina v. GEORGE ALFRED SHINN and Wife VENNIE P. SHINN; and LEWIS SHINN.

(Filed 20 May 1964.)

**1. Costs § 4—**

The recovery of costs is exclusively statutory.

**2. Costs § 3;　Nuisance § 12—**

Upon the return of an affirmative verdict in an action to abate a public nuisance, the apportionment of costs rests in the discretion of the court, G.S. 6-20, and where the judgment directs that the costs of the action, including attorney's fees, be paid from the proceeds of the sale of the personal property seized, such judgment does not provide for personal liability of the defendants, and when the sale of the personal property brings a sum insufficient to pay the attorney's fees in full it is error for the court at a later term to impose a lien on the realty to provide for the discharge of the unpaid balance.

Appeal by defendant, George Alfred Shinn and wife, Vennie P. Shinn, from *Walker, S. J.,* November 1963 Session of Cabarrus.

*B. W. Blackwelder for appellants.*
*No counsel for appellee.*

Rodman, J.　Are appellants personally liable for the unpaid portion of a fee allowed counsel for plaintiff? That is the question for decision. It arises on this factual situation: The Solicitor, acting under the authority of G.S. 19-2, instituted this action to abate a nuisance. G.S. 19-5. The complaint alleges: Appellants owned two lots in Kannapolis. A house is situate on these lots. This property was used by their co-defendant as "a bootlegging and gambling establishment." Appellants had knowledge of the immoral and illegal use of their property.

The prayer of the complaint is for an order: (1) forbidding the use of the land, or personal property situate thereon, in such manner as to constitute a public nuisance, and for the sale of the personal property; (2) padlocking the building for one year; (3) an allowance to the sheriff or officer selling the property equal to the sum fixed for selling personal property under execution; and (4) "That out of the proceeds of the sale of the fixtures, furniture, musical instruments and other movable property, the petitioner be allowed its costs and a reasonable attorney's fee, and the balance, if any, be paid to the defendants."

At the February Term 1962 a jury found defendants were "operating a public nuisance as alleged in the complaint." Based on the ver-

dict, a judgment was entered directing the sheriff to seize and sell the personal property, forbidding the use of the land for the period of one year, fixing compensation for plaintiff's attorneys at $1,000, "and that after the sale of the personal property the Sheriff of Cabarrus County shall pay from the proceeds thereof the costs of this action, including attorney's fees and the balance, if any, shall be paid to the defendants."

The sale was made. The sheriff reported receipts of $1,025.05. He paid $386.17 costs incurred in preserving and selling the property, $40.35 to the Clerk of the Superior Court as costs, $598.53 to plaintiff's counsel on account of the fee allowed them.

After the proceeds of the sale had been disbursed, appellants moved the court for an order declaring they were not personally liable for the unpaid balance on the fee allowed counsel for plaintiff. The court denied the motion and adjudged the costs of the action "to be a lien upon the real estate of the defendants which may be discharged by the payment of said costs."

Costs, as said by Furches, J., "are entirely creatures of legislation, and without this they do not exist." *Clerk's Office v. Commissioners,* 121 N.C. 29, 27 S.E. 1003. A party is not liable to his adversary for costs until the court so adjudges. *Harralson v. Pleasants,* 61 N.C. 365; *Gould v. Moss,* 111 P. 925; *McNelis v. Wheeler,* 73 N.E. 2d 339; *Kaufman v. Pacific Indemnity Co.,* 56 P. 2d 504; 20 C.J.S. 495. An award of costs is an exercise of the statutory authority; if the statute is misinterpreted, the judgment is erroneous. *Johnson v. Brothers,* 178 N.C. 392, 100 S.E. 582; *Bacot v. Holloway,* 105 So. 739; *Rogers v. Western Mutual Life Association,* 99 N.W. 589; *Bridgeport Gas Co. v. District 50, United Mine Workers of America,* 154 A. 2d 530.

The jury having found that the allegations of the complaint with respect to the maintenance of the nuisance were true, the court, when it ordered the personal property sold, had discretionary power with respect to the apportionment of the costs. G.S. 6-20. *Hoskins v. Hoskins,* 259 N.C. 704, 131 S.E. 2d 326. The court in the exercise of that discretion specifically directed the payment of the costs from the proceeds of the sale. Nowhere in the judgment is there anything suggesting personal liability of appellants for costs. That judgment could not at a later term be enlarged. *Johnson v. Brothers, supra.*

The judgment imposing a lien on the land of appellants to provide funds for the discharge of the unpaid balance of costs is

Reversed.