CAROLYN SMITH SHORES v. GARY LEE SHORES

No. 8821DC31

(Filed 20 September 1988)

1. **Divorce and Alimony § 26.3— increase in child support sought—child in North Carolina since 1982—North Carolina as home state**

   In a proceeding for an increase in child support, the trial court did not err in finding as a fact that North Carolina was the home state of the child where the child and plaintiff had resided in Winston-Salem since 1982.

2. **Divorce and Alimony § 26.2— foreign child support order—no showing of changed circumstances—modification improper**

   The trial court erred in modifying an existing child support decree from Georgia where there were no findings of fact or conclusions of law showing a change of circumstances. N.C.G.S. § 50-13.7(b).

3. **Rules of Civil Procedure § 12.1— lack of in personam jurisdiction—defense first raised on appeal—defense waived**

   Defendant waived his right to raise as a defense the trial court's lack of in personam jurisdiction because he failed to raise it in his answer or motions but presented it for the first time on appeal. N.C.G.S. § 1A-1, Rule 12(h)(1).

APPEAL by defendant from *Hayes, Roland H., Judge.* Judgment entered 7 August 1987. Heard in the Court of Appeals 11 May 1988.

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow and Ronald B. Black, for plaintiff-appellee.*

*George M. Cleland for defendant-appellant.*

JOHNSON, Judge.

Plaintiff, Carolyn Smith Shores, instituted this action on 12 May 1987 seeking child custody, child support, child support arrearages due under a previously entered separation agreement, and attorney's fees.

Plaintiff and defendant were married on 9 September 1972 in Forsyth County, North Carolina. They had one child from this union of marriage, to wit: Julian James Shores, born 8 January 1974. The plaintiff and defendant entered into a separation agreement on 7 April 1975. At this time, defendant lived in Cobb County, Georgia. On 13 June 1977, a final judgment and decree from the Superior Court of the State of Georgia awarded plaintiff

custody of the child and ordered defendant to pay the sum of $135.00 per month for child support. There were no other proceedings instituted concerning this issue of child custody until plaintiff filed the action which serves as the basis for this appeal.

Defendant was served with process on 20 May 1987. On 17 July 1987, defendant filed a motion to dismiss the action for lack of subject matter jurisdiction. Defendant also filed an answer on the same date.

On 20 July 1987, this matter was heard before Judge Roland H. Hayes upon the issue of child support and defendant's motion to dismiss. On 7 August 1987, an order was entered denying defendant's motion to dismiss and increasing the amount of child support to $414.96 per month. On 17 August 1987, defendant gave notice of appeal.

[1]   Defendant first contends that the trial court erred in finding as a fact that North Carolina is the home state of the child. There is no evidence to support this contention. According to the affidavit as to the status of the minor child, the child and plaintiff have resided in Winston-Salem, North Carolina since 1982. Pursuant to G.S. sec. 50A-3, it would be within the best interest of the welfare of the minor child to consider North Carolina the home state of the minor child, and for the court to assume jurisdiction, since the minor child and at least one parent have significant connections with North Carolina.

Defendant also argues that if North Carolina is considered the home state of the minor child, jurisdiction would be established for the purpose of determining custody only, and would not be established for the purpose of determining support issues. He relies upon *Miller v. Kite*, 313 N.C. 474, 329 S.E. 2d 663 (1985) to support his argument.

In *Miller*, our Supreme Court held that the moving party did not have the constitutionally required minimum contacts with North Carolina to *permit* a child support action to be maintained against him. While we totally agree with the apt articulation of this established principle, defendant has simply failed to properly preserve this issue of in personam jurisdiction on appeal. His waiver is discussed in the third assignment of error, *infra.*

[2]   Next, defendant argues that the trial court erred in modifying an existing support decree from the State of Georgia when there were no findings of fact or conclusions of law showing a change of circumstances to support such a conclusion. The defendant asserts that the Georgia divorce judgment precluded the North Carolina court from making any findings as to child support without a showing of a change in circumstances.

G.S. sec. 50-13.7(b) provides in part that:

When an order for support of a minor child has been entered by a court of another state, a court of this State may, upon gaining jurisdiction, *and upon a showing of changed circumstances*, enter a new order for support which modifies or supersedes such order for support, subject to the limitations of G.S. 50-13.10.

There is no indication in the record that defendant's income has changed since the Superior Court of the State of Georgia ordered him to pay $135.00 per month child support. In the absence of any evidence and findings of any change in circumstances, it was error for the trial court to order an increase in the amount of child support. *Childers v. Childers*, 19 N.C. App. 220, 198 S.E. 2d 485 (1973). The judgment from the State of Georgia is entitled to full faith and credit.

[3]   By his third Assignment of Error, defendant argues that the trial court erred in denying his motion to dismiss. We disagree. The substance of defendant's motion was a request for dismissal based upon the court's lack of subject matter jurisdiction, although he contends on appeal that the motion was for dismissal based upon lack of in personam jurisdiction.

It is clear to us that defendant waived his right to raise G.S. sec. 1A-1, Rule 12(b)(2) as a defense because he failed to raise it in his answer or motions but presents it for the first time on appeal.

G.S. sec. 1A-1, Rule 12(h)(1) states:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (i) if omitted from a motion in the circumstances . . ., or (ii) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Therefore, defendant's first and third assignments of error are overruled. Because the court failed to make findings of fact showing a change of circumstances before increasing the support order, we reverse on issue number two.

Affirmed in part; reversed in part.

Judge SMITH concurs.

Judge PHILLIPS concurs in the result.