BOYKIN v. MORRISON

[148 N.C. App. 98 (2001)]

---

WILLIAM MICHAEL BOYKIN, Plaintiff v. THOMAS RAY MORRISON, RUFUS AARON WILSON, JR. AND WILLIE PERRY, Defendants

No. COA01-80

(Filed 28 December 2001)

### 1. Insurance— automobile—uninsured motorist—motion for partial summary judgment—punitive damages

The trial court did not err in an action arising out of two automobile accidents by denying unnamed defendant insurance company's motion for partial summary judgment on the issue of punitive damages even though the insurance company contends that plaintiff's policy excludes punitive damages in its uninsured motorist coverage, because: (1) whether the insurance company's agreement with plaintiff provides for payment of punitive damages on behalf of the uninsured driver is irrelevant as to any issues at trial; and (2) although entitled, the insurance company did not file a declaratory judgment action under N.C.G.S. § 1-254 to determine the extent of its rights and obligations under its insurance agreement with plaintiff.

### 2. Trials— bifurcated—compensatory phase—evidence of punitive damages

The trial court did not err in an action arising out of two automobile accidents by admitting evidence of punitive damages, including the uninsured driver's impairment, in the compensatory phase of a bifurcated trial under N.C.G.S. § 1D-30 because unnamed defendant insurance company failed to meet its burden

BOYKIN v. MORRISON

[148 N.C. App. 98 (2001)]

to show prejudice or that a different result likely would have ensued.

**3. Motor Vehicles— automobile accident—instruction on doctrine of insulating or intervening negligence**

The trial court did not err in an action arising out of two automobile accidents by refusing to instruct the jury on the doctrine of insulating or intervening negligence, because: (1) the second accident was not sufficiently independent of, and unassociated with, the uninsured driver's initial negligence of colliding into plaintiff's car, to insulate the uninsured driver from liability; (2) the uninsured driver could reasonably foresee that the second driver would strike plaintiff's car after he disabled it in the middle of the street; and (3) the second driver's colliding into plaintiff's car was a foreseeable intervening act and was associated with the uninsured driver's initial negligence.

**4. Costs— attorney fees—automobile accident**

The trial court did not err in an action arising out of two automobile accidents by awarding attorney fees to plaintiff under N.C.G.S. § 6-21.1, because: (1) the main purpose of the statute is to provide relief for a person who sustains damages in an amount so small that it would not be economically feasible to bring suit if he would have to pay his attorney from the recovery; (2) including punitive damages to calculate the statute's applicability would reward a defendant's egregiously wrongful acts; and (3) the word "damages" as used in the statute applies only to the compensatory damage amounts when determining whether the judgment amount is equal to or less than $10,000.

Appeal by unnamed defendant from judgments entered 11 May 2000 by Judge Henry W. Hight and order awarding costs and attorney's fees entered 17 May 2000 in Wake County Superior Court. Heard in the Court of Appeals 18 October 2001.

*E. Gregory Stott for plaintiff-appellee.*

*Smith and Heiskell, P.C., by Christopher N. Heiskell, for defendant-appellant.*

TYSON, Judge.

Allstate Insurance Company ("Allstate"), as an unnamed defendant, appeals from judgments entered upon the verdicts of the jury

following bifurcated compensatory and punitive damage trials, order denying defendant's motion for partial summary judgment, order denying defendant's motion for judgment notwithstanding the verdict, and order awarding attorney's fees and costs to plaintiff. We find no prejudicial error.

## I. Facts

William Michael Boykin ("plaintiff") was driving his car on 25 December 1997 at approximately 4:00 a.m. Thomas Ray Morrison ("Morrison") ran a red light and collided into plaintiff's car. Plaintiff exited his car, approached Morrison's vehicle, and observed him asleep and snoring. Plaintiff returned to his car to await police and ambulances dispatched to the scene. Approximately fifteen minutes later, Rufus Aaron Wilson, Jr. ("Wilson") drove his car into the intersection and collided with plaintiff's car which had remained in the intersection after the first collision. The second impact propelled plaintiff from his car onto the ground.

After the second collision, Henry Battle ("Battle") of the City-County Bureau of Investigation arrived at the scene to determine if Morrison had been driving while impaired. Battle's analysis revealed that Morrison's blood alcohol level was 0.0226. Morrison was subsequently convicted of driving while impaired.

Morrison was uninsured. Plaintiff submitted a claim to his insurance provider, Allstate, for his damages pursuant to the "uninsured motorist" provisions contained in his policy. Allstate denied the claim. Plaintiff filed a complaint on 8 April 1998 against Morrison, Wilson, and Willie Perry, the owner of the car Wilson was driving, alleging negligence and demanding damages.

On 8 May 1998, Allstate intervened pursuant to N.C. Gen. Stat. §20-279.21(f)(1) (1999) to provide a defense for Morrison in order to protect its interests. Allstate filed an answer, denying Morrison's negligence and asserting plaintiff's contributory negligence as an affirmative defense, motions to transfer and sever.

On 24 August 1998, plaintiff filed an amended complaint to demand punitive damages. Allstate answered and again denied Morrison's negligence and asserted plaintiff's contributory negligence.

On 30 December 1999, plaintiff settled his claims against Wilson and Perry during court ordered mediation. Plaintiff voluntarily dismissed his action against them. Plaintiff and Allstate did not reach a

settlement. On 6 January 2000, Allstate filed a lump sum offer of judgment of $4,001.00, which plaintiff rejected. The trial court denied Allstate's motion for partial summary judgment on the issue of liability for punitive damages on 23 February 2000.

On 7 March 2000, the trial court entered a pre-trial order. Two days later, Allstate filed a stipulation of facts, which acknowledged that Morrison's negligence proximately caused the collision with plaintiff, but reserved the right to contest the issue of whether Morrison's negligence proximately caused plaintiff's injuries.

A bifurcated trial was held on 13 March 2000 for compensatory and punitive damages. Allstate did not offer any evidence during the compensatory damage phase. The trial court denied plaintiff's and Allstate's motions for directed verdicts at the close of all the evidence.

The following day, the jury awarded plaintiff $10,000.00 in compensatory damages and $17,500.00 in punitive damages. Allstate filed a motion for judgment notwithstanding the verdict, which was denied. On 17 May 2000, the trial court awarded plaintiff $6,000.00 in attorney's fees and other costs in the amount of $759.42. Allstate appeals.

## II. Issues

Allstate assigns error to the trial court's: (1) denying its motion for partial summary judgment on the issue of punitive damages, (2) admitting evidence of punitive damages in the compensatory damage phase of a bifurcated trial, (3) refusing to instruct the jury on the doctrine of insulating or intervening negligence, and (4) awarding attorney's fees to plaintiff.

## III. Partial Summary Judgment

[1] Allstate argues that plaintiff's policy excludes punitive damages in its uninsured motorist coverage, and that the trial court should have granted its motion for summary judgment on the issue of punitive damages at trial.

Whether Allstate's agreement with plaintiff provides for payment of punitive damages on behalf of the uninsured Morrison is irrelevant as to any issues at trial. The issues before the trial court were whether Morrison's negligence proximately caused plaintiff's injuries, the extent of plaintiff's damages, and whether Morrison's actions were sufficient to warrant punitive damages. Although en-

titled, Allstate did not file a declaratory judgment action pursuant to N.C. Gen. Stat. § 1-254 (1931) to determine the extent of its rights and obligations under its insurance agreement with plaintiff. The trial court properly denied Allstate's motion for partial summary judgment. This assignment of error is overruled.

### IV. Evidence of Punitive Damages

[2] Allstate assigns error in allowing evidence of Morrison's impairment, at the time of the collision with plaintiff, during the compensatory phase of the trial. The trial court granted Allstate's motion for a bifurcated trial, pursuant to N.C. Gen. Stat. § 1D-30 (1995). Allstate stipulated that Morrison's negligence was the proximate cause of the first collision. The only issue contested during the compensatory phase was whether defendant's negligence caused plaintiff's injuries. Allstate does not argue that prejudice resulted in the alleged error.

"Verdicts and judgments are not to be set aside for mere error and no more. To accomplish this result it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, and that a different result likely would have ensued, with the burden being on the appellant to show this." *Perkins v. Langdon*, 237 N.C. 159, 178, 74 S.E.2d 634, 649 (1953) (citations omitted).

Presuming error, Allstate has not shown prejudice and we will not speculate whether such error was prejudicial. This assignment of error is overruled.

### V. Insulating or Intervening Negligence

[3] Allstate contends it was entitled to a jury instruction on insulating or intervening negligence. The second collision occurred approximately fifteen minutes after Morrison collided into plaintiff's car. Allstate asserts that the evidence is conflicting regarding whether Morrison or Wilson caused plaintiff's injuries. Allstate argues that "[t]here is sufficient evidence, when viewed in the light most favorable to defendant . . . from which jurors might have reasonably inferred that Morrison's negligence had ended, resulting in no injury to plaintiff, and that Wilson's negligence, which occurred after the passing of ten to fifteen minutes, was the sole proximate cause of plaintiff's injuries." We disagree.

"The trial court must give the instructions requested, at least in substance, if they are proper and supported by evidence." *Haymore*

*v. Thew Shovel Co.*, 116 N.C. App. 40, 49, 446 S.E.2d 865, 871 (1994) (citing *State v, Lynch*, 46 N.C. App. 608, 265 S.E.2d 491, *rev'd on other grounds*, 301 N.C. 479, 272 S.E.2d 349 (1980)).

The law of intervening negligence provides that under certain circumstances another sufficiently independent act, unassociated with defendant's initial negligence, may insulate defendant from liability. David A. Logan and Wayne A. Logan, *North Carolina Torts*, § 7.30 at 166 (1996). "The test is not to be found merely in the degree of negligence of the intervening agency, but in its character— whether it is of such an extraordinary nature as to be unforeseeable." *Rattely v. Powell*, 223 N.C. 134, 136, 25 S.E.2d 448, 450 (1943) (citations omitted).

> [W]here a horse is left unhitched in the street and unattended, and is maliciously frightened by a stranger and runs away: but for the intervening act, he would not have run away and the injury would not have occurred; yet it was negligence of the driver in the first instance which made the runaway possible.

*Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 236, 311 S.E.2d 559, 567 (1984) (citing with approval *Harton v. Telephone Co.*, 141 N.C. 455, 462-63, 54 S.E. 299, 302 (1906)).

Wilson's act was not sufficiently independent of, and unassociated with, Morrison's initial negligence of colliding into plaintiff's car, to insulate Morrison from liability. Morrison could reasonably foresee that Wilson would strike plaintiff's car after he disabled it in the middle of the street. Wilson's colliding into plaintiff's car was a foreseeable intervening act and was associated with Morrison's initial negligence. We hold that the requested instruction was not supported by the evidence. The trial court properly denied the request. This assignment of error is overruled.

## VI. Attorney's Fees

[4] Allstate contends that it was error to award attorney's fees pursuant to G.S. § 6-21.1 arguing that "the 'judgment for recovery of damages' exceeds $10,000." This issue requires us to determine whether the phrase "judgment for recovery of damages" in G.S. § 6-21.1 contemplates combining both punitive and compensatory damage awards in calculating whether the "judgment for recovery of damages is ten thousand dollars ($10,000) or less . . . ." N.C. Gen. Stat. § 6-21 (1986).

"The general rule in this State is that, in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the costs recoverable by the successful party to an action or proceeding." *In re King*, 281 N.C. 533, 540, 189 S.E.2d 158, 162 (1972) (citations omitted).

G.S. § 6-21.1 is an exception to the general rule and allows the trial court to award reasonable attorney's fees in certain cases. *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 571, 551 S.E.2d 852, 856 (July 3, 2001) (citing *Hill v. Jones*, 26 N.C. App. 168, 169, 215 S.E.2d 168, 169, *cert denied*, 288 N.C. 240, 217 S.E.2d 664 (1975)). The statute provides:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitute the basis of such suit, instituted in a court of record, where the <u>judgment for recovery of damages</u> is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fees to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (emphasis supplied).

Allstate contends that the "legislature used the term 'damages,' clearly aware of the existence of both compensatory damages and punitive damages. It also used the words 'in any personal injury or property damage suit,' which would encompass all of the damages recovered . . . ." Allstate cites no authority or reasoning in support of its contention. Allstate also argues that the "language of the Statute is clear and unambiguous, and as such requires no construction by this Court." We agree with Allstate that the language of the statute is clear. To assign Allstate's meaning to the statute, however, ignores: (1) the remedial nature of the statute, and (2) precedent that the definition of the term "damages," by itself, does not include punitive damages.

Our Supreme Court has held that G.S. § 6-21.1 is a remedial statute, and "being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope." *Hicks v. Albertson*, 284 N.C.

236, 239, 200 S.E.2d 40, 42 (1973) (citing *Weston v. J. L. Roper Lumber Co.*, 160 N.C. 263, 75 S.E.2d 800 (1912); 50 Am. Jur., Statutes, § 303-05; 82 C.J.S. Statutes § 377). "The obvious purpose of N.C. Gen. Stat. § 6-21.1 is to provide relief for a person who *sustained injury* or *property damage* in an amount so small that, if he must pay counsel from his recovery, it is not economically feasible to *bring suit* on his claim." *Thorpe* at 571, 551 S.E.2d at 856. (emphasis supplied) (citing *Hicks* at 239, 200 S.E.2d at 42).

First, to construe the phrase "judgment for recovery of damages" to include punitive damages awards would, in the aggregate, decrease the number of cases to which the statute would apply. Precedent requires us to include all cases fairly falling within the statute's intended scope. This Court concludes that Allstate's construction unnecessarily restricts its application. *See e.g. West Through Farris v. Tilley*, 120 N.C. App. 145, 150, 461 S.E.2d 1, 3-4 (1995) (finding defendant's argument that the court's "judgment" herein must necessarily include medical expenses obtained by a non-party requires an unnecessarily restrictive application of G.S. § 6-21.1)

Second, including punitive damages to calculate the statute's applicability would reward a defendant's egregiously wrongful acts. A defendant who acts merely negligently and damages a plaintiff in the amount of $10,000.00 in compensatory damages may be required to pay plaintiff's attorney's fees. On the other hand, a defendant who acts egregiously and wrongfully and who damages a plaintiff in the exact amount of $10,000.00 in compensatory damages, and who is also punished by the jury with punitive damages of any dollar amount, could not be required to pay plaintiff's attorney's fees under the statute. The more culpable defendant obtains the benefit of not having to pay plaintiff's attorney's fees even though that defendant damaged the plaintiff to the same extent as the defendant who acted merely negligent. The only difference being the latter defendant's more egregious actions. The main purpose of G.S. § 6-21.1 is to provide relief for a person who sustains damages in an amount so small that, if he would have to pay his attorney from the recovery, it would not be economically feasible to bring suit, not to reward a defendant's willful and wanton conduct.

In addition to G.S. § 6-21.1 being remedial in nature, this Court has previously interpreted the word "damages" not to include punitive damages. In *Nationwide Mut. Ins. Co. v. Knight*, 34 N.C. App. 96, 100, 237 S.E.2d 341, 345 (1977), the defendants contended that the

word "damages" included compensatory and punitive damages. *Id.* This Court disagreed. We explained that:

> [t]he commonly accepted definition of the term 'damages' does not include punitive damages. . . . 'In its legal sense the word 'damages' is defined as meaning the compensation which the law will award for an injury done; a compensation, recompense, or satisfaction in money for a loss or injury sustained; and the most common meaning of the term is compensation for actual injury.' Punitive damages are not compensation for injuries sustained.

*Id.* (citations omitted).

We hold that the word "damages" as used in G.S. § 6-21.1 applies only to the compensatory damage amounts when determining whether the judgment amount is equal to or less than $10,000.

Here, the trial court did not segregate the attorney's fees awarded between G.S. §§ 6-21.1 or 6-21.5, or Rules 36 or 37 of the North Carolina Rules of Civil Procedure. In light of our holding it is unnecessary to consider, and we do not reach, Allstate's other arguments concerning G.S. § 6-21.5 or Rules 36 or 37.

We find no prejudicial error in the trial court's judgments and orders.

No prejudicial error.

Judges MARTIN and WALKER concur.