LEOLA BOYD SOWELL v. KRISTOPHER LYNN CLARK and WILLIAM EDDIE CLARK

No. COA01-1110

(Filed 6 August 2002)

1. **Process and Service— sufficiency of service—grounds raised in motion binding**

    The trial court did not err by denying a motion to dismiss for insufficient service in a personal injury action where the ground for the motion was that defendant did not reside at the address listed on the summons and the person served was not authorized to accept service, but defendant admitted in a deposition that he lived at the listed address with his father, who was a healthy adult with no mental infirmities. Defendant was constrained by the

SOWELL v. CLARK

[151 N.C. App. 723 (2002)]

grounds set forth in his pleading and could not raise on appeal a question about the copy of the summons left at his residence.

**2. Costs— attorney fees awarded by court—statutory limit— damages and costs distinct**

The trial court did not abuse its discretion by awarding attorney fees to the plaintiff in a personal injury action where defendant's offer of judgment occurred when the answer was filed, the judgment was more favorable than the offer, and plaintiff's damages were less than $10,000, even though the total with costs was over the $10,000 limit of N.C.G.S. § 6-21.1. Damages and costs are separate items.

Appeal by defendant Kristopher Lynn Clark from judgments entered 12 April 2001 and 25 June 2001 by Judges Raymond Warren and Ronald K. Payne, respectively, in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 May 2002.

*Thomas D. Windsor for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, LLP, by Allen C. Smith and C. J. Childers for defendant-appellant.*

THOMAS, Judge.

Defendant Kristopher Lynn Clark (defendant) appeals an order denying his motion to dismiss and an order awarding attorney fees to plaintiff, Leola Boyd Sowell, in this personal injury action. For the reasons discussed herein, we find no error.

The pertinent facts are as follows: On 20 October 1997, the vehicle defendant was operating rear-ended the vehicle operated by plaintiff on Providence Road in Charlotte, North Carolina. Plaintiff filed a complaint on 7 May 1999, alleging injuries to her neck, back, and spine as a result of defendant's negligence. She requested compensation for medical expenses, lost income, and pain and suffering.

On 29 June 1999, defendant filed an answer, including a motion to dismiss for insufficiency of service of process, and an offer of judgment in the amount of $1,000. Plaintiff refused the offer.

On 21 February 2001, defendant filed a motion to dismiss based on insufficiency of service of process. The ground for the motion was the same as the first, that defendant did not live at the address listed with the person served not authorized to accept it for defendant. The

trial court denied the motion, finding, *inter alia*, that: (1) the summons included the names of both defendant and his father, defendant William Eddie Clark; (2) the Mecklenburg County Sheriff delivered a copy of the complaint and summons to William Clark on 6 June 1999 at his residence; (3) defendant lived with William Clark and his mother at the time of service of process; (4) William Clark was sixty-one or sixty-two at the time of defendant's deposition (2 April 2001); (5) William Clark was a responsible person, in good health, and did not suffer from any mental disability; and (6) William Clark informed defendant that the summons and complaint had been served. The trial court concluded that service was properly made to defendant's usual place of abode and that the Sheriff left a copy of the summons and complaint with a person of suitable age and discretion who resided there.

Plaintiff dismissed all claims as to William Clark on 11 April 2001.

At trial, the jury found that plaintiff was injured as a result of defendant's negligence and was entitled to recover $4,950 from defendant. Plaintiff's counsel then filed a motion for attorney fees as part of costs pursuant to N.C. Gen. Stat. § 6-21.1. The trial court granted the motion and ordered defendant to pay $5,445 in attorney fees. Defendant appeals this order and the order denying his motion to dismiss.

[1] By defendant's first assignment of error, he argues the trial court erred in denying his Rule 12(b)(5) motion to dismiss based on insufficiency of service of process. We disagree.

The North Carolina Rules of Civil Procedure provide that service upon a natural person may be made:

a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) (2001). In his answer, defendant moved to dismiss the claim based on insufficiency of service of process. He stated that: "The ground for this Motion is that [defendant] does not reside at the address listed on the Summons and the person served is not authorized to accept service of process for [defendant]." He stated the same in a separate motion to dismiss filed on 21 February 2001. However, in his deposition, defendant admitted he lived with his father at 411 Boyce Street, which is the address listed on the summons, and did so at the time of service. He testified his father was healthy and had no mental infirmaries and was an adult.

Because the trial court properly found that defendant did live with his father at the time service was attempted, defendant now argues service was insufficient because the sheriff did not leave a copy of the summons and complaint for him at his residence. The only copy actually left at the residence was originally intended for William Clark. The copy originally intended for defendant was marked "unserved" and returned because William Clark told the deputy that his son did not live there.

However, we hold that defendant must be constrained by the grounds set forth in his pleading, i.e., that service was not sufficient because he did not live at 411 Boyce Street. *See* N.C. R. Civ. P. 7(b)(1); *Hunt v. Hunt*, 117 N.C. App. 280, 450 S.E.2d 558 (1994); *Little v. Rose*, 285 N.C. 724, 208 S.E.2d 666 (1974). Every defense can be raised by a responsive pleading. *Lehrer v. Edgecombe Mfg. Co.*, 13 N.C. App. 412, 185 S.E.2d 727 (1972). A defendant waives his right to raise a Rule 12(b)(2) defense if it was not raised in his answer, but presented for the first time on appeal. *See Shores v. Shores*, 91 N.C. App. 435, 371 S.E.2d 747 (1988). Likewise, although defendant raised a Rule 12(b)(5) defense in his answer, he limited the basis of that defense to the singular ground that he did not live at 411 Boyce Street with his father. His admission to the falsity of both his own defense and the statement by his father as to residency provided a sufficient basis for the trial court's findings. If the trial court's findings of fact are supported by competent evidence, and they support its conclusions, they are binding on appeal. *Sain v. Sain*, 134 N.C. App. 460, 517 S.E.2d 921 (1999). We therefore reject defendant's argument.

[2] By his second assignment of error, defendant argues the trial court abused its discretion in awarding attorney fees to plaintiff. We disagree.

**SOWELL v. CLARK**

[151 N.C. App. 723 (2002)]

The North Carolina General Statutes provide:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (1999). Under this statute, the trial court is given the discretion to award attorney fees to the prevailing party. *See Tew v. West*, 143 N.C. App. 534, 546 S.E.2d 183 (2001); *Porterfield v. Goldkuhle*, 137 N.C. App. 376, 528 S.E.2d 71 (2000). The ruling will not be disturbed on appeal absent a showing of abuse of discretion. *West v. Tilley*, 120 N.C. App. 145, 461 S.E.2d 1 (1995). An abuse of discretion occurs when the trial court's ruling "is so arbitrary that it could not have been the result of a reasoned decision." *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998) (citations omitted).

When determining whether to award attorney fees, the trial court must consider the entire record, including the following factors: (1) settlement offers made prior to institution of the action; (2) offers of judgment made pursuant to Rule 68 and whether the judgment finally obtained was more favorable than such offers; (3) whether defendant unjustly exercised superior bargaining power; (4) in a case of unwarranted refusal by an insurance company, the context in which the dispute arose; (5) the timing of settlement offers; and (6) the amounts of settlement offers as compared to jury verdict. *Washington v. Horton*, 132 N.C. App. 347, 351-52, 513 S.E.2d 331, 334-35 (1999). We now, in the aggregate, review these factors.

There was no settlement offer made prior to the filing of the complaint. Defendant's offer of judgment pursuant to Rule 68 in the amount of $1,000 occurred when the answer was filed. Because the judgment finally obtained was $4,950 for damages and $5,445 in attorney fees, it was more favorable than the $1,000 offer of judgment.

Defendant next argues that because the total amount of the judgment, with interest, is $11,130.23, it is beyond the parameters of section 6-21.1. However, the statute provides that the "judgment for recovery of damages [be] ten thousand dollars ($10,000) or less" to receive attorney fees. *See* N.C. Gen. Stat. § 6-21.1. Plaintiff's *damages* were $4,950 and her *costs* were $6,180.23.

Damages and costs are legally separate items. Damages comprise compensation for injuries through the negligence of another. *Black's Law Dictionary* 389 (6th ed. 1990). Costs are the expenses a party incurs for prosecuting or defending an action. *Black's Law Dictionary* 346 (6th ed. 1990). *See also Perkins v. American Mut. Fire Ins. Co.*, 4 N.C. App. 466, 167 S.E.2d 93 (1969) (holding that generally, in absence of any contractual or statutory obligation, plaintiff's costs for his claim against defendant are not recoverable as item of damages, either in contract or tort action).

Accordingly, we hold that, as compared with the jury verdict, plaintiff's judgment finally obtained was within the parameters of section 6-21.1 and was more favorable than defendant's offer of judgment. The trial court did not abuse its discretion and we reject defendant's argument.

NO ERROR.

Judges WYNN and HUNTER concur.