BROWN v. MILLSAP

[161 N.C. App. 282 (2003)]

FANNY LEE BROWN, Individually And as Guardian Ad Litem for SCOTTIE NOBLES,
A minor, Plaintiffs v. FLOYD TRAVIS MILLSAP, Defendant

No. COA02-1596

(Filed 18 November 2003)

**Costs— attorney fees—personal injury—court costs—prejudgment interest**

The trial court erred in a personal injury action by determining that plaintiff was not entitled to recover attorney fees under N.C.G.S. § 6-21.1 based on its conclusion that the judgment exceeded $10,000 after including the costs and prejudgment interest in its calculation of the judgment, and the case is remanded for a new hearing, because: (1) damages and costs are legally separate items; and (2) damages, as used in N.C.G.S. § 6-21.1, applies only to the compensatory damage amounts when determining whether the judgment amount is equal to or less than $10,000.

Judge Tyson dissenting.

Appeal by plaintiff from judgment entered 28 September 2002, *nunc pro tunc* for 19 September 2002, by Judge Wiley F. Bowen, Superior Court, Columbus County. Heard in the Court of Appeals 7 October 2003.

*T. Craig Wright for plaintiff-appellant.*

*Russ, Worth, Cheatwood & Hancox, by Philip H. Cheatwood, for defendant-appellee.*

WYNN, Judge.

This appeal arises from the trial court's determination that Plaintiff, Scottie Nobles, was not entitled to recover attorneys' fees under N.C. Gen. Stat. § 6-21.1 (2001) because the judgment obtained exceeded $10,000.00. Plaintiff contends the trial court erroneously included the costs and prejudgment interest in its calculation of the "judgment obtained." For the reasons stated in *Sowell v. Clark*, 151 N.C. App. 723, 567 S.E.2d 200 (2002), we agree with Plaintiff.

The underlying facts show that Plaintiff brought a personal injury action and obtained a jury verdict of $9,500.00. Thereafter, Plaintiff moved the trial court to award court costs in the amount of $435.00 and reasonable attorney's fees, pursuant to N.C. Gen. Stat. § 6-21.1, in

**BROWN v. MILLSAP**

[161 N.C. App. 282 (2003)]

the amount of $3,500.00. After granting Plaintiff's motion for court costs and awarding prejudgment interest, the trial court concluded that it lacked authority to award plaintiff reasonable attorney's fees because the jury verdict plus court costs and prejudgment interest exceeded $10,000.00. Plaintiff appeals.

---

On appeal, Plaintiff contends the trial court erred by adding court costs of $435.00 and prejudgment interest of $669.76 to the jury's verdict of $9,500.00 to find that the judgment obtained exceeded the $10,000.00 limit for awarding attorney's fees under N.C. Gen. Stat. § 6-21.1. We agree.

Under N.C. Gen. Stat. § 6-21.1 (2001), in certain personal injury suits "where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee . . . said attorney's fee to be taxed as a part of the court costs." In *Sowell v. Clark*, 151 N.C. App. 723, 567 S.E.2d 200 (2002), this Court stated:

> Damages and costs are legally separate items. Damages comprise compensation for injuries through the negligence of another. Costs are the expenses a party incurs for prosecuting or defending an action.

Thus, this Court considered only the amount of the jury's verdict for damages in determining whether the "judgment for recovery of damages" exceeded $10,000. *See also Boykin v. Morrison*, 148 N.C. App. 98, 557 S.E.2d 583 (2001) (stating "we hold that the word 'damages' as used in G.S. § 6-21.1 applies only to the compensatory damage amounts when determining whether the judgment amount is equal to or less than $10,000); *Purdy v. Brown*, 56 N.C. App. 792, 290 S.E.2d 397, *rev'd on other grounds*, 307 N.C. 93, 296 S.E.2d 459 (1982) (employing jury verdict amount in determination that judgment for recovery of damages was below amount specified in N.C. Gen. Stat. § 6-21.1, which at that time was $5,000). Accordingly, we conclude the trial court erroneously concluded it "must add to the jury verdict the costs reasonably expended by the plaintiff . . . and [the] prejudgment interest" in order "to determine if the judgment finally obtained for recovery of damages is $10,000 or less."

Remanded for a new hearing.

Judge LEVINSON concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

I respectfully dissent from the majority's opinion.

### I.  Issue

The sole issue before this Court is whether the court erred by concluding that it lacked authority under N.C. Gen. Stat. § 6-21.1 to award reasonable attorney's fees to plaintiff.

### II.  N.C. Gen. Stat. § 6-21.1

Plaintiff contends the trial court erred by adding court costs of $435.00 and prejudgment interest of $669.76 to the jury's verdict of $9,500.00 to determine if the $10,000.00 amount of N.C. Gen. Stat. § 6-21.1 was exceeded.

"The general rule in this State is that, in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the costs recoverable by the successful party to an action or proceeding." *Boykin v. Morrison*, 148 N.C. App. 98, 104, 557 S.E.2d 583, 586 (2001) (quoting *In re King*, 281 N.C. 533, 540, 189 S.E.2d 158, 162 (1972)) (citations omitted). N.C. Gen. Stat. § 6-21.1 is an exception to this general rule. *Id.* The statute provides:

> In any personal injury or property damage suit . . . instituted in a court of record, where the *judgment for recovery of damages is ten thousand dollars ($10,000) or less*, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (2001) (emphasis supplied).

Our Supreme Court has held that:

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations.

*Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973). "This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope." *Id.* Once the court determines that the "judgment for recovery of damages" is $10,000.00 or less, the decision to award a party reasonable attorney's fees rests within the judge's discretion. N.C. Gen. Stat. § 6-21.1 (2001). Attorney's fees are not automatically awarded. *Id.*

Here, the jury returned a verdict for compensatory damages in the amount of $9,500.00. The trial court entered a judgment in favor of plaintiff for the amount of $9,500.00 plus prejudgment interest pursuant to N.C. Gen. Stat. § 24-5 (2001). The court, upon plaintiff's motion and in its discretion, additionally awarded plaintiff $435.00 in court costs. The trial court added both the court costs and the prejudgment interest to the jury's verdict of $9,500.00 to determine if the "judgment for recovery of damages" was $10,000.00 or less under the terms of N.C. Gen. Stat. § 6-21.1.

The trial court found that "the court must add to the jury verdict the costs reasonably expended by the plaintiff in such lawsuit which are to be taxed against the defendant and must also add thereto prejudgment interest at 8% per annum applied to the jury's verdict." The trial court found, after adding court costs and prejudgment interest, that the "judgment for recovery of damages" equaled $10,604.76. The trial court reasoned that since the "judgment for recovery of damages" exceeded the sum of $10,000.00, the court lacked authority under N.C. Gen. Stat. § 6-21.1 to consider plaintiff's motion for attorney's fees and denied plaintiff's motion without a hearing on the merits.

Court costs are not automatically awarded to or added to a successful party's claim. N.C. Gen. Stat. § 6-20 (2001) states that "costs may be allowed or not, in the discretion of the court, unless otherwise provided by law." "[C]osts . . . are entirely creatures of legislation, and without this they do not exist." *City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972) (quoting *Clerk's Office v. Commissioners*, 121 N.C. 29, 30, 27 S.E. 1003 (1897)). "The court's power to tax costs is entirely dependent upon statutory authorization." *State v. Johnson*, 282 N.C. 1, 27, 191 S.E.2d 641, 658 (1972) (citing *City of Charlotte*, 281 N.C. at 691, 190 S.E.2d at 185). "An award of costs is an exercise of statutory authority; if the statute is misinterpreted, the judgment is erroneous." *City of Charlotte*, 281 N.C. at

691, 190 S.E.2d at 185 (quoting *Morris, Solicitor v. Shinn*, 262 N.C. 88, 89, 136 S.E.2d 244, 245 (1964)).

Prejudgment interest, however, is automatically awarded to the prevailing party's claim. N.C. Gen. Stat. § 24-5 (2001) states:

(b) [i]n an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied. Any other portion of a money judgment in an action other than contract, except the costs, bears interest from the date of entry of judgment until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

Under this statute, the trial court has no discretion whether to award prejudgment interest to the prevailing party's award. *Id.*

The majority's opinion relies on *Sowell v. Clark* to support their holding that the trial court erred in adding prejudgment interest *and* court costs to the jury verdict. 151 N.C. App. 723, 567 S.E.2d 200 (2002). That case is distinguishable from the facts at bar. In *Sowell*, the jury awarded plaintiff damages in the amount of $4,950.00. *Id.* at 725, 567 S.E.2d at 201. The trial court then awarded plaintiff $6,180.23 in court costs and prejudgment interest. *Id.* at 728, 567 S.E.2d at 203. I agree with the holding in *Sowell*, that costs and damages are "legally separate items." *Id.* Prejudgment interest and costs are also legally separate items.

N.C. Gen. Stat. § 24-5 (2001) states that the "portion of a money judgment designated by the fact finder as compensatory damages bears interest . . . ." Our Supreme Court has held that "the probable intent of the prejudgment interest statute [N.C. Gen. Stat. § 24-5] is threefold: (1) to *compensate* plaintiffs for loss of the use of their money, (2) to prevent unjust enrichment of the defendant by having money he should not have, and (3) to promote settlement." *Brown v. Flowe*, 349 N.C. 520, 524, 507 S.E.2d 894, 896 (1998) (emphasis supplied); *See Powe v. Odell*, 312 N.C. 410, 413, 322 S.E.2d 762, 764 (1984) (interpreting the 1983 version of N.C. Gen. Stat. § 24-5). Prejudgment interest is automatically added to a successful party's award for damages to *compensate* the prevailing party. It must also be added to the jury's verdict to determine the final amount of the "judgment for recovery of damages" under N.C. Gen. Stat. § 6-21.1. *See Boykin*, 148 N.C. App. at 106, 557 S.E.2d at 587 ("We hold that

**BROWN v. MILLSAP**

[161 N.C. App. 282 (2003)]

the word 'damages' as used in G.S. § 6-21.1 applies only to the compensatory damage amounts when determining whether the judgment amount is equal to or less than $10,000.”). If the automatic addition of prejudgment interest causes the “judgment for recovery of damages” to exceed the $10,000.00 maximum amount under N.C. Gen. Stat. § 6-21.1, the court is without authority to hear a party's motion for attorney's fees.

The addition of prejudgment interest in *Sowell,* unlike at bar, would *not* have caused the “judgment for recovery of damages” to exceed the $10,000.00 statutory maximum. The trial court's error in *Sowell* in not adding the prejudgment interest as part of the “judgment for recovery of damages” was harmless.

Since statutory authority and case law hold court costs to be discretionary, the trial court at bar erred in adding the court costs of $435.00 to the jury award of $9,500.00 to determine whether the $10,000.00 maximum was exceeded. Prejudgment interest is automatically added to plaintiff's award to compensate a prevailing party. The trial court was required to add the amount of $669.76 to the jury's award of $9,500.00 to determine whether the $10,000.00 statutory maximum was exceeded. Although the trial court erred by adding discretionary court costs to the jury's verdict, this error is harmless. The addition of $669.76 in prejudgment interest to the jury's award of $9,500.00, less $435.00 court costs, equals $10,169.76, which exceeds the statutory maximum. Unlike *Sowell,* the automatic addition of prejudgment interest causes the “judgment for recovery of damages” to exceed the statutory maximum of $10,000.00.

### III. Conclusion

The trial court erred by adding discretionary court costs of $435.00 to the jury's award of $9,500.00 with interest to determine whether plaintiff was entitled to be heard on its motion for attorney's fees under N.C. Gen. Stat. § 6-21.1. This error is harmless because the trial court was required to automatically add prejudgment interest of $669.76 to the jury's verdict of $9,500.00. The “judgment for recovery of damages” exceeded the statutory maximum of $10,000.00. I would affirm the trial court's ruling. I respectfully dissent.